# Cartright, *et al. v.* West.

## Bill by Trustee in Bankruptcy to Annul Gifts of Real and Personal Property by Bankrupt.

(Decided April 7, 1908. Rehearing denied June 18, 1908.
47 South. 93.)

1. *Pleading; Plea in Abatement; Waiver.*—By demurring to a bill the demurrant waives the right to plead in abatement.

2. *Bankruptcy; Bill by Trustee; Leave of Court; Necessity.*—A trustee in bankruptcy may file his bill to annul and avoid gifts or other disposition of property by the bankrupt, in the state courts without first obtaining leave of the bankrupt court.

3. *Fraudulent Conveyances; Fraud; Existing and Subsequent Creditors.*—While it is necessary to show a fraudulent intent to set aside gifts as fraudulent as to subsequent creditors, it is not necessary to show such intent in order to set aside gifts, as fraudulent, of property subject to the claims of existing creditors.

4. *Bankruptcy; Fraudulent Conveyance; Bill to Set Aside; Allegation.*—The trustee being the representatives of the creditors, it is essential that a bill to set aside gifts as fraudulent, made by the bankrupt more than a year prior to the filing of the petition in bankruptcy should allege facts essential to a suit by the creditors themselves, and that the proof should show such fact.

5. *Same.*—While an adjudication in bankruptcy, being in the nature of a decree in rem, is conclusive on the issue of the bankrupt's insolvency, and of the fact that there were existing creditors at the date of its rendition, it is not proof that there were creditors existing a year or more prior to the adjudication.

6. *Same.*—It must be alleged and proven either that the debts of the creditors accrued prior to the making of the gifts, or that the gifts were made with fraudulent intent, where the gifts were made by the bankrupt a year or more prior to the adjudication, and the bill is by the trustee to set aside such gift as a fraud on creditors.

7. *Same.*—A decree adjudging one a bankrupt is not conclusive on the issues of the precise amount owing by the bankrupt to any one creditor, or that he was indebted in any particular sum to any particular creditor; hence the decree does not cut off one who has received a gift from a bankrupt from contesting with the trustee the validity of the claif of every creditor asserted by him to be a creditor of the estate, for whose benefit the suit is prosecuted by the trustee to set aside the gift as a fraud on the creditors.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Marvin West, as trustee in bankruptcy, against Anna M. Cartright, and others to annul and avoid certain gifts alleged to have been made by the bankrupt in fraud of creditors. From a decree for complainants respondents appeal. Reversed and remanded.

BROWN & KYLE, for appellant. The powers of the referee are limited and he cannot grant permission to the trustee to pursue his remedy in the state courts. —Loveland on Bankruptcy, (2nd Ed.) 110. Having submitted the case upon the plea in abatement to test its sufficiency, the complainant admits that the matter and things well pleaded are true.—*New Decatur v. Scharfenburg,* 41 South. 1035. Without permission from the court, the trustee could not pursue his remedy in the state courts.—*Turrentine v. Blackwood,* 125 Ala. *Andrews v. Mather, Trustee,* 134 Ala. 358; *Rouse v. Letcher,* 156 U. S. 47. A demurrer to part of the bill is proper in chancery.—*Moore v. The Bank,* 120 Ala.

[Cartright, et al. v. West.]

91; 110 Ala. 450; 101 Ala. 608; 95 Ala. 409; 87 Ala. 321; 81 Ala. 482; 16 Cyc. 274. The bill should allege the same fact as if filed by one of the creditors or all of the creditors represented by the bankrupt. This being true the bill is wanting in the necessary averments.—*Gibson v. Trowbridge Co.* 93 Ala. 582; *McGehee v. Importers Bank,* 93 Ala. 197; *Freeder v. Lienkauf,* 92 Ala. 471; *Bragg v. Patterson,* 85 Ala. 233; *Jones v. Massey,* 79 Ala. 370. The plaintiff must state directly and not by inference such facts as being true, will entitle him to relief.—*Wefel v. Stillman,* 44 South. 208; *Bliss v. Anderson,* 31 Ala. 612; *Cocherell v. Gurley,* 26 Ala. 405. Under the facts stated in the bill the bankrupt had no alienable interest in the lots that could pass to his trustee.—*Clarke v. Camman,* 160 N. Y. 135; *Padgett v. Melcher,* 156 N. Y. 399; 6 Am. Bankruptcy Rep. 210; 4 Am. Bankruptcy Rep. 335. The description of the bankrupt's interest in the property is insufficient.—*Reid v. Wilson,* 2 Ind. 181.

CALLAHAN & HARRIS, for appellee. By demurring to the bill, respondent waived the right to plea in abatement.—*Haley v. The State,* 63 Ala. 91; *Brown v. Dowdell,* 45 Ala. 156. It is not necessary that the trustee should have had permission from the district court before filing his bill.—*Chisholm v. Wallace,* 40 South. 219. The title of the bankrupt was a vested remainder.—*Smaw v. Young,* 109 Ala. 528. Under the bankrupt law, this passed to the trustee.—*In re Traddell,* 110 Fed. 145; 1 Fed. St. Ann. 698. The bill sufficiently alleged fraud as to creditors.—*McGhee v. The Bank,* 93 Ala. 196; *Beasley v. Coggin,* 37 South. 213. The existence of creditors is concluded by the adjudication in bankruptcy.—Loveland on Bankruptcy, 624.

TYSON, C. J.—The action of the chancellor in overruling the plea in abatement can be sustained upon the ground, irrespective of all others, that by demurring to the bill the plea was waived.—*Town of New Decatur v. Scharfenberg,* 147 Ala. 367, 41 South. 1025; *Grant v. Phoenix Ins. Co.,* 121 U. S. 105, 7 Sup. Ct. 841, 30 L. Ed. 905; 1 Ency. Pl. & Pr. 36; 1 Cyc. 131. But, aside from this, the only insistence laid in argument in support of its sufficiency is predicted upon the averment "that the complaint had never been given authority by the United States court to bring the suit." No case has been cited holding that it is incumbent upon a trustee in bankruptcy to first obtain leave of the court appointing him before instituting suits of this character, and therefore the averment of "leave of court obtained" to be necessary. To the contrary, the point has been expressly decided otherwise (and we think correctly) by the Supreme Court of Mississippi in the case of *Chism, Trustee, v. Citizens' Bank,* 77 Miss. 599, 27 South. 637. See, also, 22 Cyc. p. 1307. This also disposes of the second, eigth, and ninth assignments of the demurrer to the bill adversely to the appellants.

By the bill the trustee in bankruptcy seeks to have declared void and annulled certain alleged gifts, made by the bankrupt, of real and personal property to these appellants, and to subject that property to the payment of the debts of certain named simple contract creditors. According to the averments of the bill, these several gifts were made, respectively, January 3, 1903, March 26, 1903, March 31, 1905, and the remaining one between the dates of the bankrupt's marriage, in January, 1903, and of the filing of the petition for the adjudication as a bankrupt, in April, 1906. It is nowhere averred that these gifts were made with a covinous intent; and as to existing creditors of the bankrupt at

the time the gifts were made no such averment is necessary to subject the property to the satisfaction of their debts, but as to subsequent creditors the allegation of a fraudulent intent is necessary.—*McGhee v. I. & T. Nat. Bank*, 93 Ala. 192, 9 South. 734; *Allen v. Caldwell, Ward & Co.* 149 Ala. 293, 42 South. 858, and cases there cited. And the fact that the bill is exhibited by a trustee in bankruptcy does not relieve him of making the necessary averments that obtain with respect to such a bill if exhibited by the creditors themselves. He is simply the representative of the creditors severally, and is attempting to enforce their rights severally, and not his own. They are the beneficiaries of the results obtained by him in the proceedings; and the alleged fraudulent grantees have the same right to be apprised of the facts upon which he relies for a recovery as they would have had, had the bill been filed by the creditors. In short, the trustee cannot be permitted to recover for the benefit of the creditors upon allegations short of those necessary and requisite in a bill exhibited by the creditors themselves. It is true that the adjudication of bankruptcy is in the nature of a decree in rem, and is conclusive, if rendered by a court having jurisdiction, of the fact of the bankrupt's insolvency, and therefore of existing creditors at the date of its rendition; but the probative force of that adjudication cannot be extended, so as to make it proof of the fact that such creditors existed a year or more prior to the date of its rendition. And in order to avoid the necessity of alleging and proving a fraudulent intent it would be necessary to aver that the respective debts of the several creditors arose or accrued prior to the making of the several conveyances attacked. Indeed, without such averment in the bill under consideration, it would be wholly without equity.

[Cartright, et al. v. West.]

Furthermore, the decree adjudging the debtor a bankrupt cannot be extended beyond the precise point adjudged, viz., that he was insolvent, which, of course, necessarily involves the determination that there were existing creditors and the like, but not the precise amount which he owed to any one creditor, or, really, that he was indebted to any particular creditor in any sum. The adjudication of bankruptcy not being conclusive as to this, the appellants are not cut off thereby from contesting with the trustee the correctness and validity of the claim of every creditor asserted by him and for whose benefit this suit is prosecuted. To this end they have the right, therefore, to know when the indebtedness accrued and by what it is evidenced.— *Gibson v. Trowbridge Furniture Co.*, 93 Ala. 579, 9 South. 370. To hold otherwise would deprive appellants of the opportunity of litigating with the complainant a necessary averment in his bill, and a fact which must be ascertained by the decree in the event he should succeed, and impair and perhaps destroy their right to pay the amount found to be due the creditors and thus save the property from sale.

Those grounds of demurrer raising these questions should have been sustained. We entertain the opinion that the remaining grounds of the demurrer are not well taken.

The decree is reversed, and the cause remanded.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.