# Cartwright, *et al. v.* West.

*Bill to Cancel Certain Conveyances as Fraudulent.*

(Decided May 16, 1911. Rehearing denied June 27, 1911.
55 South. 917.)

1. *Equity; Pleading; Verification.*—Where pleas are received without verification the lack of verification is not a ground for holding them insufficient.

2. *Same; Sufficiency.*—A respondent in equity cannot be denied the benefit of his defense of the statutory bar by limitation set up by way of special plea based on facts averred therein, by complainant's amendment of his bill alleging a state of facts contrary to those averred in the pleas.

3. *Same; Plea to Part of Bill.*—In chancery practice a plea may be filed to a part of a bill.

4. *Appeal and Error; Questions Presented; Record.*—Where the record showed that pleas 1 and 2 were not refiled to the substituted bill as last amended but that pleas 3 and 4 were filed to such bill, and the decree recites that the cause was then submitted for decree upon the sufficiency of the plea, it did not affirmatively appear that the cause was set down for hearing on pleas 1 and 2 to the bill as amended.

5. *Bankruptcy; Capacity of Trustee; Fraudulent Conveyance.*—While ordinarily the trustee in bankruptcy is a representative of both the bankrupt and the creditors, yet when he files a bill to set aside a fraudulent conveyance made by the bankrupt, he represents the creditors alone.

6. *Same; Action by Trustee; Limitations.*—Where a trustee in bankruptcy files a bill to set aside certain conveyances of the bankrupt as being fraudulent, the respondents are entitled to set up by way of plea, that certain creditors named in the bill had not filed their claims within the time allowed, and hence were barred by limitation, as creditors entitled to participate in distribution of the estate.

[Cartwright, et al. v. West.]

7. *Limitation of Action; Pleading; Necessity.*—As a bar to an action limitations must be pleaded, else it is waived.

8. *Same.*—Although under section 3115, Code 1907, the bar of the statute of limitation may be asserted as a defense by answer, yet that does not deprive a respondent of setting it up by special plea.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Marvin West as trustee in bankruptcy of the estate of Herbert Cartwright against Cartwright and others to cancel certain conveyances as fraudulent and void, made by the bankrupt. From a decree holding certain pleas insufficient respondents appeal. Reversed and rendered.

KYLE & HUTSON, for appellant. Pleas may be filed to a part of a bill. Sims Chan. Prac. Sec. 457; 2 Daniels Chan. Prac. 685; Story's Eq. Plead. Sec. 647. The pleas were submitted on a test of their sufficiency, which was an admission of their truth.—*New Decatur v. Scharfenburg,* 155 Ala. 651; 17 Pick. 129; 49 Md. 516. This being true, some of the creditors had not filed their claims within the time, and hence were barred from participating in the estate. A trustee is an officer of the court, and is limited strictly to the powers conferred by the act under the orders of the court.—Loveland's Bankruptcy 351; 280 and 190; *in re Ryan,* 21 Fed. Case, 182. In a case of this character he only represents creditors in provable claims under the bankrupt act; authorities, supra. Claims cannot be proven after the expiration of one year from the date of the adjudication of bankruptcy.—100 Fed. 270; 104 Fed. 982; 105 Fed. 231. Verification was not necessary. —*New Decatur v. Scharfenburg, supra; Tyson.v. Land Co.,* 1212 Ala. 414; *Glasser v. Meyrovitz,* 119 Ala. 152; *Wright v. Evans,* 53 Ala. 107.

CALLAHAN & HARRIS, for appellee. Only pleas 3 and 4 were pleaded to the bill as last amended. The pleas

were technically insufficient.—*Scharfenburg v. New Decatur,* 47 South. 95; 16 Cyc. 288; 16 Encyc. P. & P. 603. The presentation within that period is not negatived by the pleas.—*Andrews v. Huckabee,* 30 Ala. 143. The pleas were in substance if not in form pleas since the last continuance.—*Sanche v. Webb,* 110 Ala. 220. Such pleas must be verified.—Sec. 5333 Code 1907; *Smith v. Hiles, et al.,* 107 Ala. 275. The respondents could not plead the statute of limitation or non-claim as to the creditors.—204 U. S. 536; 122 Fed. 558; *Stutz v. Huger,* 107 Ala. 253.

DOWDELL, C. J.—The appeal in this case is taken from the decree of the chancellor holding certain pleas filed to the bill insufficient; the cause having been set down for hearing on the sufficiency of said pleas.

Waiving the question as to the character of the pleas, whether or not pleas puis darein continuance and requiring verification at the time of their filing, or at the time the cause was set down for hearing on their sufficiency, "The oath is not a part of the plea, but a preliminary to its reception, and when the plea is thus received it cannot be rejected by the court because it is insufficient."—*McCall v. McRae,* 10 Ala. 313-316. In *Wright v. Evans,* 53 Ala. 103-107, it was ruled: "If verification is necessary, the want of it is not cause of demurrer, but ground of objection to the filing of the plea, or, if filed, on motion to strike it from the files." "The setting down of a plea to a bill for hearing on its sufficiency is an admission of the truth of all the facts alleged for the purpose of invoking judgment as to whether the facts constitute a defense."—*Town of New Decatur v. Scharfenburg,* 147 Ala. 367, 41 South. 1025, 119 Am. St. Rep. 81; *Tyson v. Land Co.,* 121 Ala. 414, 26 South. 507; *Glasser v. Meyrovitz,* 119 Ala. 152, 24

South. 514. The contention of appellee that a want of verification rendered the pleas insufficient, when set down for hearing on their sufficiency, as was done in the present case, is without merit.

In chancery practice and pleading, a plea may, the same as a demurrer, be filed to a part of the bill, as well as to the whole bill.—Sims' Chan. Prac. & Plead. (Ala.) § 57; Story's Eq. Pl. (Redfield's Ed.) §§ 647, 659; Dan. Chan. Prac. (4th Am. Ed.) vol. 1, p. 685.

The record in the present instance fails to show with any degree of certainty that particular pleas numbered 1 and 2 were set down for hearing on their sufficiency. All that is shown in this respect is found in the decree of the chancellor, wherein it is stated that the cause "was submitted for decree upon the sufficiency of the pleas filed by Emma D. Cartwright and Anna Cartwright." Pleas numbered 1 and 2 were filed to the substituted bill as amended July 2, 1908, but were not refiled to the substituted bill as last amended on September 12, 1908. To the substituted bill as last amended, pleas 3 and 4 were filed, and then it was that the cause was set down for hearing on the sufficiency "of the pleas." From this it does not affirmatively appear that the cause was set down for hearing on pleas 1 and 2 to the bill as last amended, and on appeal error must be affirmatively shown. The court cannot be put in error for ruling on pleas, when the record does not clearly show that action was had by the court on them. A submission and hearing on pleas 3 and 4 filed to the bill as last amended fully respond to the above-quoted recital contained in the decree.

This brings us to a consideration of pleas 3 and 4, and the ruling had thereon. Plea 3 sets up as a defense that certain persons, alleged in the bill to be creditors of the bankrupt, and whose names are set forth in the plea,

failed to file their said claims in the bankruptcy proceedings within 12 months from the adjudication in bankruptcy, and were therefore barred as creditors entitled to participate in any distribution of the bankrupt's estate, and hence there could be no recovery by the complainant in the present bill as trustee in bankruptcy for the benefit of such creditors.—Collier on Bankruptcy (8th Ed.) pp. 612-613. The defense set up in plea 4 is the same as that in plea 3, and is not restricted to any particular creditors or their claims named in the bill, but is directed against all of the creditors mentioned in the bill.

We digress here to state the purpose of the bill. The bill is exhibited by the appellee, Marvin West, as the trustee in bankruptcy of the estate of Herbert Cartwright, who had theretofore been adjudicated a bankrupt, and has for its object the annulment and setting aside of certain conveyances alleged to have been made by the said Herbert Cartwright to the appellants, respondents in the bill, with the intent to hinder, delay, or defraud his (the said Cartwright's) creditors. The complainant in his bill undertakes to set out the names of the various creditors of the bankrupt, and the amounts of their respective claims. The prayer of the bill in the alternative, among other things, is for personal decrees against the alleged fraudulent grantees for the value of the property so fraudulently conveyed.

The trustee in bankruptcy in a sense is a representative of both the bankrupt and the creditors. As such he succeeds in right and title to the bankrupt's estate for the benefit of his creditors. He may, as a general rule, maintain all actions, both at law and in equity, for the recovery and preservation of the assets, both real and personal, of the bankrupt's estate that the

[Cartwright, et al. v. West.]

bankrupt himself, but for the bankruptcy, could have maintained.  Even more, he may maintain an action the bankrupt could not, where, as in the present case, he seeks to avoid conveyances made by the bankrupt in fraud of his creditors.  In this latter instance it cannot be said that the trustee is a representative of the bankrupt, for he (the bankrupt) could not maintain such a bill, nor in any legal or equitable proceeding become a beneficiary of his own fraudulent act.

The bill before us is in the nature of a creditor's bill to set aside fraudulent conveyances made by the debtor, and the trustee in filing it in reality represents the interests of the creditors alone.  The object of a recovery is for distribution among the creditors of the bankrupt. If in such a case the bill was exhibited by the creditors themselves, all of whose claims were barred by the statute, and this defense should be set up by plea, it is evident there could be no recovery.  Why, it may be asked, should not the same principle be applicable here? If the creditors are barred by the statute of the right of participation in a distribution of the bankrupt's estate by reason of a failure to file their claims within the 12 months prescribed by the bankrupt statute, and a recovery should be had in a bill like the present one, to whose benefit would the recovery inure?  There would be no one else to receive the benefits but the bankrupt himself, and by such a proceeding he would become the beneficiary of his own fraud.

· Recurring to pleas 3 and 4 which the chancellor held to be insufficient for reasons stated in his decree.  These pleas are what are termed in chancery practice as pure pleas.  They are each directed to parts of the bill only, and profess to answer such parts by setting up as a defense a statutory bar to any right of recovery under the bill.  The theory of the chancellor in overruling the

[Cartwright, et al. v. West.]

pleas, as shown in his decree, was that the bill as last amended met the objections raised by the pleas; that is to say, that the bill as amended averred that the claims of the creditors were filed in the bankruptcy proceedings within the time prescribed by the statute. This may be so in respect to plea 4, which avers a failure by the creditors generally to file their claims, but not so as to plea 3, which specifies the creditors failing to file. The bill as amended does not aver that any one of the creditors named in plea 3 ever filed his claim at any time in the bankruptcy proceedings. So, as to plea 3, the bill as last amended stood just as it did before amendment. The bill as amended undertook by averment to meet the facts stated in the pleas, namely, that the mentioned creditors had failed to file their claims within the prescribed time by affirming that the claims had been filed within the prescribed statutory period. The defense set up in the pleas was the statutory bar predicated on the statement of the facts as averred in the pleas. The question is, Can the respondent be denied the benefit of his defense of the statutory bar by way of special plea, based on facts averred in the plea, by the complainant's amendment of his bill, alleging a contrary state of facts to those averred in the plea? We are of the opinion that such is not the rule. There is such a thing as a purely negative plea recognized in chancery practice and pleading.—See Story's Eq. Pl. 660, where it is stated, by way of illustration: "Thus, if a bill calls for an account of partnership transactions, and alleges a partnership between the plaintiff and defendant, the latter may, by a negative plea, deny there was any partnership, and the plea will be good." —See, also, Story's Eq. Pl. § 668.

At common law the statute of limitations as a bar to an action may be waived, and is considered as waived,

unless set up defensively by proper plea. It may likewise be waived in equity, if not in some manner pleaded as a defense. It may be that under our present statute, section 3115, Code of 1907, this defense could be set up in the answer, but this does not take away the right of the defendant to specially plead it. A mere denial in the answer of the averment in the bill that the claims of creditors were filed within 12 months of the adjudication in bankruptcy, without more, would not, in our opinion, sufficiently invoke the defense of the statutory bar of the claims. Our conclusion is that the defense set up was proper subject-matter of a special plea, notwithstanding the affirmative statement in the substituted bill as last amended, and the chancellor erred in overruling the pleas.

The decree of the chancellor is reversed, and one is here rendered sustaining the pleas.

Reversed and renderd.

ANDERSON, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.