[Cartwright, et al. v. West.]

# Cartwright, *et al. v.* West.

*Bill to Declare Conveyances Void as to Creditors.*

(Decided December 18, 1913. . Rehearing denied February 5, 1914. 64 South. 293.)

1. *Bankruptcy; Conveyance by Bankrupt; Bill by Trustee to Set Aside.*—A bill by a trustee in bankruptcy attacking a conveyance by the bankrupt as being voluntary must show that there were existing creditors at the time, or that a fraudulent intent existed.

2. *Same.*—A bill by a trustee in bankruptcy charging such a fraudulent intent as would render void conveyances by the bankrupt as against subsequent creditors need not allege the name of all such creditors or specify or describe their respective debts.

3. *Same; Demands.*—As the debts mature under the terms of the bankruptcy act immediately upon the adjudication of bankruptcy, a bill by a trustee in bankruptcy to set aside a conveyance by a bankrupt need not aver that the demands of creditors are due.

4. *Same.*—Where a trustee in bankrutpcy files a bill in the State court to set aside voidable conveyances by the bankrupt, it is not material as to how the fund is to be administered, or who is to get the benefit of it; hence, the validity of all other claims cannot be litigated.

5. *Same.*—A bill by a trustee in bankruptcy to set aside a voluntary conveyance by the bankrupt need show but one existing creditor who could have avoided the conveyance, for the court will set it aside in favor of all existing creditors who file and prove their claim in the bankruptcy court.

6. *Same.*—The averment of bankruptcy is sufficient to charge existence of creditors, and that their demands are due in a bill by a trustee in bankruptcy to set aside a bankrupt conveyance as fraudulent and void as to subsequent as well as to existing creditors.

7. *Same; Evidence.*—The evidence examined and held insufficient to sustain a decree that a conveyance made three years before the grantor's bankruptcy was fraudulent and void as to creditors.

8. *Same; Fraud.*—A deed to storehouse and lot dated March 31, 1905, and not recorded until December, 1906, is fraudulent and void as to all creditors of the bankrupt grantor whose petition for adjudication as a bankrupt was filed in April, 1906.

9. *Same; Adjudication; Effect.*—An adjudication in bankruptcy is a determination of insolvency and of the existence of creditors, not necessarily antecedent to a conveyance by the bankrupt, but at least subsequent thereto.

(Dowdell, C. J., Mayfield and Sayre, JJ., dissent in part.)

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Marvin West as trustee in bankruptcy of the estate of Hervey Cartwright, against Emma D. Cartright and others, to set aside certain conveyances of the bankrupt as void as to creditors. Decree for complainant and respondents appeal. Affirmed in part, and reversed and remanded in part.

O. KYLE, for appellant. The demurrer was a part of the pleadings, and was noted by the register, and ruled upon by the lower court, and hence, is presented for review.—*Harper v. Hayes,* 149 Ala. 178. In a bill of this kind, the trustee represents only the creditors.— *Cartwright v. West,* 55 South. 917; *Exchange Bank v. Stewart,* 158 Ala. 223. The trustee, therefore, should allege facts essential to a bill by the creditors themselves, and the proof must show such facts.—*Cartwright v. West, supra.* Hence, the bill should show that the demands were due and payable at the time the bill was filed, and the character and nature of the demand.—*Gibson v. Trowbridge F. Co.,* 93 Ala. 279; 54 Miss. 121; 20 Cyc. 728, et seq. A complainant cannot file a bill before the maturity of his debt unless he has a lien.—*Jones v. Massey,* 79 Ala. 370; *McGehee v. Bank,* 93 Ala. 193; 20 Cyc. 430; *McDuffie v. Lynchburg Shoe Co.,* 59 South. 567; 84 Ind. 248; 102 Cal. 320. The trustee must file his bill in behalf of all the creditors of the bankrupt.—*Stephenson v. Byrd,* 168 Ala. 422. The allegation that the creditors named are substantially all the creditors is not sufficient.—*Elder v. State,* 162 Ala. 52; 118 Mass. 441; 20 Cyc. 108. So far as the alleged creditors were concerned, not being existing creditors at the time, Cartwright could have thrown away his property unless it was averred and proven that it

was done with the intent to hinder delay or defraud the subsequent creditors.—*Davidson v. Lanier,* 51 Ala. 320; *Kellar v. Taylor,* 90 Ala. 290; *Williams v. Spraggins,* 102 Ala. 429; sec. 4293, Code 1907. The retention of possession was only a badge fraud.—*Crawford v. Kirksey,* 55 Ala. 282; *Heinze v. White,* 105 Ala. 670. The bill was otherwise demurrable.—*Taylor v. Dwyer,* 131 Ala. 92; *Echols v. Orr,* 106 Ala. 240; *Mountain v. Whitman,* 103 Ala. 634; *Curran v. Olmstead,* 101 Ala. 622; *Caldwell v. King,* 76 Ala. 149; *Adams v. Sayre,* 70 Ala. 325. Counsel discuss the pleadings, and the finding of the chancellor on the pleas, and the objections to evidence, but in view of the opinion, it is not deemed necessary to here set them out. He insists that appellant had the right to contest the validity of the alleged debts.—*Pickett v. Pipkin,* 64 Ala. 520; *Tyson v. Decatur L. Co.,* 121 Ala. 414. Complainant had not proved his case as alleged in his amended bill.—*Cartwright v. West, supra; Helmetagg v. Frank,* 61 Ala. 69; *Martin v. Kelly,* 132 Ala. 203. The judgment is not the evidence of the existence of an indebtedness prior to the date of its rendition.—*Harper v. Raisin F. Co.,* 158 Ala. 336; *Lawson v. Alabama W. Co.,* 73 Ala. 292. The mere failure to record the deed is not evidence itself of fraudulent conveyance.—*Allen v. Caldwell,* 149 Ala. 296; *Allen v. Pearce,* 149 Ala. 677.

CALLAHAN & HARRIS, for appellee. The withholding of the deed from record rendered it fraudulent.—*Sims v. Gaines,* 64 Ala. 396; *Seals v. Robinson,* 75 Ala. 372. The reservation of a benefit in a conveyance renders it fraudulent.—20 Cyc. 790; *Dixon v. McLarney,* 97 Ala. 388; *McGehee v. Bank,* 93 Ala. 196; *McFadden v. McFadden,* 134 Ala. 337. A conveyance in consideration of antecedent indebtedness raises a presumption of

mala fides.—*Wood v. Riley,* 100 Ala. 103. The debts of a bankrupt mature and are provable immediately upon adjudication.—Loveland on Bankruptcy, 360. The bill was filed for the benefit of all the creditors, and the court decreed it as such, and hence, it was not necessary that all the creditors names be set forth.—55 South. 918. It was not necessary that the court ascertain and decree the amount of the creditor's claim who were represented by the trustee in bankruptcy.—Sec. 70, Bankruptcy Act; *Dickens v. Dickens,* 56 South. 808; 204 U. S. 522. These cases are in direct conflict with the holding of the court on the former appeal of this case, and that opinion should be modified. The reservation of a benefit to the grantor renders the conveyance void as to subsequent as well as to existing creditors.—Sec. 4287, Code 1907; *O'Neal v. B'ham Co.,* 101 Ala. 388; *Deposit Bank v. Caffey,* 135 Ala. 208.

ANDERSON, J.—This is the third appeal in this case.—155 Ala. 619, 47 South. 93; s. c. 55 South. 917. Upon the first appeal the bill failed to charge that the conveyances made were with a convinous intent, and could therefore be assailed only by existing creditors, and it was therefore necessary for the bill to charge a fraudulent intent, or else that the creditors were existing or antecedent. In other words, the bankruptcy act gives the trustee the power to set aside any conveyance that could be avoided by a creditor; therefore, if the conveyance is attacked as being only voluntary, the bill by the trustee must show that there were existing creditors, as this is essential to defeat such a conveyance. If, however, the bill charges such a fraudulent intent as would avoid the sale by subsequent creditors, we do not think it necessary for the bill to name all of said creditors, or to specify and describe their respect-

ive debts. The adjudication of bankruptcy is a determination of the insolvency of the bankrupt and the existence of creditors, not necessarily creditors antecedent to the conveyance, but at least subsequent thereto. Neither is it essential, in a bill filed by the trustee, to aver that the demands are due. The averment is essential when the bill is filed by a creditor, as he has no right to institute the suit until the obligation matures; but such is not the case as to a trustee in bankruptcy, for the reason that the debts of the bankrupt mature, under the terms of the act, immediately upon the adjudication. It may be true that the trustee can avoid only those conveyances of the bankrupt which could be avoided by a creditor. Section 70e of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 345]). If the property was conveyed in fraud of the act, the trustee had the right to recover the same for the benefit of the bankrupt estate, and all that is necessary is to show the existence of such a creditor or creditors as could avoid the conveyance. If the bill does not charge a fraudulent conveyance, but simply a voluntary one, then it should show an existing creditor or creditors; but, if it charges a fraudulent conveyance, it would be invalid both as to existing and subsequent creditors, and the existence of one or more would give the trustee the right to avoid the sale, and to recover the property as an asset of the estate to be distributed by the bankruptcy court. It is not necessary for the bill to set up a schedule of all of the creditors, or to describe all of the debts, as it is not only not practical, but the act does not require it. In the first place the creditors have a year within which to file and prove their claims, and to require the trustee to give a list and description of all creditors in his bill would necessitate a possible delay. When such a bill is filed in a state court, the

trustee need only show a right to set aside the convey-
ance, that is, that there was such a creditor as could
avoid same, and all that the state court can do is to
set it aside, and which vests all title or interest in the
trustee to be administered and distributed in the bank-
rupt court.—*Dickens v. Dickens*, 174 Ala. 305, 56
South. 808.

The Supreme Court of the United States, in the case
of *Eau Claire Nat. Bank v. Jackson*, 204 U. S. 522, 27
Sup. Ct. 391, 51 L. Ed. 595, shows very clearly that it
is an immaterial consideration in a suit by a trustee as
to how the fund is to be administered, or who is to get
the benefit of it. It is there said: "This action, as we
have indicated, is simply one of trover to recover the
value of property which, as is alleged, was *in fraud of
the bankrupt act,* wrongfully converted by defendant to
its own use. Whether there was one or more classes of
creditors, and in what manner the property sought
to be recovered, would, if the suit were successful, be
*administered,* did not vary in the least nor in the slight-
est degree the legal rights of the plaintiff. *If the prop-
erty was obtained by the defendant in fraud of the
bankrupt act, plaintiff was entitled to recover the same,
and this is the only question involved.* The bank also
contends in effect that in such suit the validity of all
other claims against the bankrupt can be litigated, and
whether they have received voidable preferences, and
have not been required to surrender them, the broad ef-
fect of the contention repels it as unsound. To yield
to it would transfer the administration of a bankrupt's
estate from the United States District Court to the
state court." We do not question the soundness of the
holding upon the first appeal (155 Ala. 619, 47 South.
93), that, so long as the bill did not charge fraud, it
had to show existing creditors; but we do question the

[Cartwright, et al. v. West.]

holding in so far as it applied the same rule as to the necessity for setting out and describing all the claims against the bankrupt, as heretofore existed with reference to a creditor's bill. Of course, in a general creditor's bill, the debts should be described and shown to be due; but, when a bill is filed by a trustee in bankruptcy, he need only set up enough to show that the conveyance is invalid as to any one or any number of creditors of the bankrupt, for, if such is the case, he can avoid the conveyance, and it is not necessary to set out all of the creditors, or to fully describe the claim of each of them, or to state that they are past due, as the bankruptcy matures them. He need show only a right to avoid the conveyance, and he is then entitled to the property as an asset of the estate to be disposed of and distributed by the bankrupt court.—*Miller v. New Orleans Co.,* 211 U. S. 496, 29 Sup. Ct. 176, 53 L. Ed. 300.

The bill, as last amended, charges that the conveyances were fraudulent and void as to subsequent as well as existing creditors, and was not subject to the demurrers interposed or the respondent's special pleas.

The case of *Stevenson v. Bird,* 168 Ala. 425, 53 South. 93, is not opposed to, but rather supports, the present holding. The opinion states that the trustee could only maintain a bill which would inure to the benefit of all the creditors, but did not say that all of said creditors had to be set out, or that the trustee could not maintain the bill, unless all of the creditors were set out, and all were entitled to avoid the conveyance. What the court intended to guard against holding was that a trustee could set aside a conveyance solely for the benefit of one creditor, if there were others entitled to share in the fruits of the litigation; but, as no point was made in the lower court as to the substitution of the trustee

for a single creditor, this court would not interfere in this respect.

In order that we may not be misunderstood, we hold: First. That, when a bill is filed by a trustee to set aside a voluntary conveyance made by the bankrupt, he need only show one existing creditor who could have avoided the conveyance, and the state court will set aside the conveyance in favor of all existing creditors who file and prove their claims in the bankrupt court, and which last fact is to be determined and the fund distributed by said court. Second. When the trustee files a bill to set aside a conveyance as fraudulent and void as to subsequent as well as existing creditors, the averment of bankruptcy is sufficient to charge the existence of creditors, and that their demands are due, and, if relief is granted, the conveyance will be set aside as to all creditors of the bankrupt, and the property will become assets of the estate, and subject to the claims of all creditors who have properly filed and proven their claims, and which last fact is to be determined by the bankrupt court.

The chancery court, by its final decree, set aside the deeds made by Herbert Cartwright to his stepmother—one dated January 3, 1903, and which conveyed the east half of lot 374, and which said deed was recorded January 22, 1903, and a deed executed March 31, 1905, conveying lot 375, also brick store lot, and which said deed was not filed for record until December 28, 1906, nearly two years after its execution.

We concur in the holding of the chancellor that the deed conveying lot 375 and the brick store, dated March 31, 1905, and not recorded until December, 1906, was fraudulent and void as to all the creditors of Herbert Cartwright, as said transaction falls within the influence of *Dickson v. McLarney,* 97 Ala. 389, 12 South.

398; *Sims v. Gaines,* 64 Ala. 396; *Seales v. Robinson,* 75 Ala. 372; 20 Cyc. 790; *McGehee v. National Bank,* 93 Ala. 196, 9 South. 734; *McFadden v. McFadden,* 134 Ala. 337, 32 South. 719.

As to the deed of January 3, 1903, conveying the east half of lot 374, we are not impressed with the soundness of the holding of the chancery court, that it was fraudulent and void as to the creditors of Herbert Cartwright. He only owned the lot, valued at $1,100, as the house which was moved on said lot belonged to the grantee, and she had a high moral as well as legal right to be paid for same, and it is more than probable that it was so moved with the understanding that her son would deed her the lot. Again, the deed was not withheld from the record, as was the case with the other one, for the purpose of misleading the public as to the financial standing of the grantor, but was immediately recorded. We also find that the grantee very soon after the conveyance borrowed money on the property, and lived in the house for some time after the purchase. Nor does the subsequent use or control of the house and lot by the grantor after the conveyance necessarily convince us that it was understood that he was to reserve a secret ownership to or benefit in said house and lot, especially when taken in connection with the relationship of the parties and the surrounding circumstances. The mother owned other houses, and naturally let her son occupy and use the one in question as her agent or tenant, and authorized him to use the rent in reducing or extinguishing the indebtedness on the property created by her with the Building & Loan Association.

The decree of the chancery court is affirmed as to the conveyance of March, 1905, but is reversed as to the one of January, 1903, and one is here rendered to the effect that said deed is not inoperative and void as to the

creditors of Herbert Cartwright. The cost of this appeal will be taxed one-half to the appellee and one-half to the appellant.

McClellan, Somerville, and de Graffenried, JJ., concur. Dowdell, Mayfield, and Sayre, JJ., concur in the holding as to the deed of 1903, but dissent as to the other one, and think that the chancery court erred in setting same aside. They also dissent as to any modification or qualification of the opinions upon the former appeals.