162 So. 115

### CARTER et al. v. LONGSHORE.

7 Div. 288.

Supreme Court of Alabama.

June 6, 1935.

E. G. Pilcher and McCord & McCord, all of Gadsden, for appellants.

Morrow & Longshore, of Birmingham, for appellee.

BROWN, Justice.

The cause was submitted to the trial court on the demurrers after the complainant had voluntarily amended his bill by striking out all of the averments of the original bill except the averments of the first paragraph. Therefore the bill as amended was the only pleading, aside from the demurrers, before the court at the time of said submission.

The bill as amended, as was the original, was filed by the complainant as trustee in bankruptcy of the estate of E. T. Carter against said Carter and his wife, Olive R. Carter, to set aside two deeds

made by Carter to his wife prior to filing a voluntary petition in bankruptcy, reciting a consideration of $1,500 in each of said deeds, and conveying to said Olive R. Carter a house and lot No. 8 in block No. 14, and vacant lot No. 7, block No. 14, in the Oak Park addition to the city of Gadsden, in Etowah county, alleged to be of the value of $6,000.

In one paragraph of the bill it is averred that the consideration recited in each of said deeds is fictitious, and that in truth and in fact said deeds were voluntary and without consideration.

In another paragraph, the bill in the alternative avers that said deeds were made by the said Carter with the actual intent to defraud his creditors, and that the grantee named therein, with knowledge of his purpose, actually participated therein and accepted said deeds for a like purpose; that, at the time of the execution of said conveyances by Carter to his wife, he was indebted to Mrs. Bessie Carter under an oral agreement made in settlement of a claim for damages for the wrongful death of her husband, by which he agreed to pay her a certain sum each month until the youngest of her minor children reached majority; that he was liable in damages to her said minor children named in the bill for damages for their negligent injury, and that suits had been instituted thereon, and in one case a recovery had for the sum of $550, which has not been paid or satisfied.

It is well settled that claims for damages arising from tort are within the protection of the statutes authorizing the filing of bills in equity to set aside fraudulent conveyances. Gunn v. Hardy et al., 130 Ala. 642, 31 So. 443.

While the bill as amended may not be free from demurrable defects, it was not subject to the general demurrer for want of equity, nor was the bill as amended a departure from the original bill. Beall & Coston v. Lehman Durr Co., 110 Ala. 446, 18 So. 230; Cartright et al. v. West, 155 Ala. 619, 47 So. 93; Id., third appeal, 185 Ala. 41, 64 So. 293. See, also, Cartwright et al. v. West, 173 Ala. 198, 55 So. 917; Harrison et al. v. Stuart, 219 Ala. 405, 122 So. 623.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.