6 So.2d 415

**ROBBINS et al. v. SCHAEFER.**

**6 Div. 924.**

Supreme Court of Alabama.

Feb. 19, 1942.

354

Jim & Wallace Gibson, of Birmingham, for appellants.

Ellis, Lindbergh & Ellis, of Birmingham, for appellee.

THOMAS, Justice.

This appeal challenges the overruling of the demurrer to the bill as amended. The demurrer was general to the bill as a whole. If this pleading contains equity in any aspect, the demurrer should have been properly overruled. First Nat. Bank of Birmingham v. De Jernett, 229 Ala. 564, 568, 159 So. 73; Oden v. King et al., 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413.

Appellants admit that the averments of the bill relative to existing creditors were adequate. Crisp et al. v. First National Bank of Birmingham, 224 Ala. 72, 139 So. 213. The appellants' counsel say: "As to the claim of the First National Bank of Birmingham as a creditor set forth in Paragraph 7(a) of the amendment and aided by Exhibit A thereto, the writer frankly believes the same free from demurrable defects under the alternative charging want of consideration, except as to the charge of laches heretofore argued." Moreover, the averments of existing creditors are shown in Paragraph 4 of the bill, saying:

"That among the creditors listed by the said Bankrupt is one or more who was an existing creditor and who owned a debt which was existing and owing by the bankrupt and was past due and unpaid at the time of the execution and delivery of each of the instruments hereinafter referred to; one or more of such creditors having filed a claim therefor in said Bankrupt Court within the time prescribed by law."

*     *     *     *     *

"4(d) That one or more of the creditors previously described in this section of the bill of complaint as amended owns a debt or obligation of the bankrupt which was in existence at the time of the execution and delivery of the separate and several instruments hereinafter referred to or was an existing creditor of the bankrupt at the time of the execution and delivery of the separate and several instruments hereinafter described."

The bill avers a secret trust for the benefit of the grantor, as follows:

"Complainant further avers in the alternative as follows:

"(a) That said conveyances, separately and severally, were voluntary.

"(b) That the said conveyances, separately and severally, were made in secret trust for the said James Alex Robbins in order that the said property might be preserved from his several creditors and still be under his control and dominion."

These were not mere conclusions and were within the averments held sufficient in Crisp et al. v. First Nat. Bank of Birmingham, 224 Ala. 72, 139 So. 213, and the two alternative grounds held good in Birmingham Property Co. et al. v. Jackson Securities & Investment Co., 226 Ala. 612, 148 So. 316.

When a bill to set aside fraudulent conveyances is filed by a trustee in bankruptcy, he need set up only enough to show that the conveyance is invalid as to any one of the creditors, for if such is the case, he can avoid the conveyance.

The case of Cartwright et al. v. West, 173 Ala. 198, 55 So. 917; Id., 155 Ala. 619, 47 So. 93; Id., 185 Ala. 41, 64 So. 293, cited so many times by appellants, reached this Court three times, and in the last opinion reported in 185 Ala. 41, 45, 46, 64 So. 293, 294, much of the former decisions was changed. Among other things, the late Mr. Chief Justice Anderson, then Justice said:

"If the property was conveyed in fraud of the act, the trustee had the right to recover the same for the benefit of the bankrupt estate, and all that is necessary is to show the existence of such a creditor or creditors as could avoid the conveyance. If the bill does not charge a fraudulent conveyance, but simply a voluntary one, then it should show an existing creditor or creditors; but, if it charges a fraudulent conveyance, it would be invalid both as to existing and subsequent creditors, and the existence of one or more would give the trustee the right to avoid the sale, and to recover the property as an asset of the estate to be distributed by the bankruptcy court. It is not necessary for the bill to set up a schedule of all of the creditors, or to describe all of the debts, as it is not only not practical, but the act does not require it. In the first place the creditors have a year within which to file and prove their claims, and to require the trustee to give a list and description of all creditors in his bill would necessitate a possible delay. When such a bill is filed in a state court, the trustee need only show a right to set aside the conveyance, that is, that there was such a

356

creditor as could avoid same, and all that the state court can do is to set it aside, and which vests all title or interest in the trustee to be administered and distributed in the bankrupt court. Dickens v. Dickens, 174 Ala. 305, 56 So. [806], 808."

The foregoing is sufficient to show that the bill in several aspects was not subject to the general demurrer directed thereto.

The decree of the circuit court is, therefore, affirmed.

Affirmed.

GARDNER, C. J., BROWN, and FOSTER, JJ., concur.