(September 26, 1913.)

W. A. COREY, Trustee in Bankruptcy of R. J. JOHANNES, Appellant, v. BLACKWELL LUMBER COMPANY, a Corporation, and Mrs. R. J. JOHANNES, Respondents.

[135 Pac. 742.]

BANKRUPTCY — COMPLAINT — DEMURRER — PROPERTY OF BANKRUPT— RIGHTS OF TRUSTEE—PROPERTY FRAUDULENTLY CONVEYED—ATTACH-MENTS—PRESERVATION OF LIENS.

1. *Held,* that the complaint states a cause of action and that the court erred in sustaining the demurrer.

2. *Held,* that the trustee in bankruptcy had full power and authority to bring this action.

3. Sec. 67f of the bankruptcy act of July 1, 1898, 30 Stats. at Large, 565, c. 541, U. S. Comp. Stats. 1901, p. 3450, 1 Fed. Stats. Ann. 693, provides that attachments and other liens obtained against an insolvent within four months prior to the petition in bankruptcy against him shall be void in case he is adjudged a bankrupt, and the property affected by such attachment or lien shall be released from the same and pass to the trustee as a part of the estate of the bankrupt, unless the court shall on due notice order the lien to be preserved for the benefit of the estate.

4. Said sec. 67f is merely carrying out the general purpose of said bankruptcy act, of securing to the creditors the entire property of the bankrupt.

5. Under the provisions of sec. 70s of said bankrupt act, the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he is a *bona fide* holder for value

prior to the date of adjudication, and for the purpose of such recovery any bankruptcy or state court which would have had jurisdiction if bankruptcy had not intervened has concurrent jurisdiction.

6.    Under the provisions of sec. 60 of said act, a person shall be deemed to have given a preference if, being insolvent, he has within four months of the filing of his petition, or after filing the petition or before the adjudication, made a transfer of any of his property that would enable any one of his creditors to obtain any greater percentage of a debt than any other of such creditors of the same class.

7.    The effect of the amendment of 1910 to said bankruptcy act (Act of June 25, 1910, 36 Stats. at Large, 840, U. S. Comp. Stats. Supp. 1911, p. 1500) is that the trustee may now challenge any security or conveyance that a lien or judgment creditor might have challenged had the bankruptcy not intervened.

APPEAL from the District Court of the Eighth Judicial District, in and for Kootenai County. Hon. Robt. N. Dunn, Judge.

Action by trustee in bankruptcy to have a certain alleged assignment by the bankrupt declared fraudulent and void as to the trustee and creditors. Demurrer to the complaint sustained. *Reversed.*

Whitla & Nelson and Samuel R. Stern, for Appellant.

Sec. 70e is the corollary of sec. 67b, and means simply that if a creditor could have avoided any transfer (not merely a lien) under the laws of the state, the trustee can do the same, and it is immaterial that the creditors of the bankrupt were not in a position to attack the transfer. The trustee is subrogated to the rights of creditors, and may sue to avoid any conveyance which a creditor could have avoided, although made more than four months prior to the adjudication of bankruptcy. (*In re Mullen,* 101 Fed. 413; *Lewis v. Bishop,* 47 App. Div. 554, 62 N. Y. Supp. 618; *Beasley v. Coggins,* 48 Fla. 215, 37 So. 213, 5 Ann. Cas. 801; *Bush v. Export Stor. Co.,* 136 Fed. 918; *In re Gray,* 47 N. Y. App. Div. 554, 62 N. Y. Supp. 618; *Ruhl-Koblegard v. Gillespie,* 61 W. Va. 584, 56 S. E. 898, 10 L. R. A., N. S., 305, 11 Ann. Cas. 929; *Hull v. Hudson,* 26 Am. Bk. Rep. 725; *Hobbs v. Frazier,* 26 Am.

Bk. Rep. 887; *Thomas v. Roddy,* 122 App. Div. 851, 107 N. Y. Supp. 473.)

The effect of the amendment of 1910 is, that the trustee may now challenge any security or conveyance that a lien or judgment creditor might have challenged had the bankruptcy not intervened. (Loveland on Bankruptcy, 4th ed., sec. 372.)

The complaint is ample in its allegations as showing the right to have the attachment lien preserved for the benefit of all the creditors, and also the right to have this transfer declared fraudulent in fact, and as a preference. (*In re Baird,* 126 Fed. 845; *In re Merrow,* 131 Fed. 993; *In re New York Econ. Print. Co.,* 110 Fed. 514, 49 C. C. A. 133; *In re Walsh Bros.,* 159 Fed. 560; *Goodnough Merc. Co. v. Galloway,* 171 Fed. 940; *Patten v. Carley & Co.,* 69 App. Div. 423, 74 N. Y. Supp. 993; *In re Dowling,* 201 Fed. 93.)

**J. P. Gray** and **Frank M. McCarthy,** for Respondents.

In order that a trustee in bankruptcy may be entitled to prosecute an action such as this against the holder of the funds, it must be first alleged and shown: That the money is still in the hands of the Blackwell Lumber Co., and was at the time the subrogation was made, and that it was a part of the estate. That at the time the subrogation was made the attachment was still in force. That the trustee had been subrogated to the rights of the attachment creditor, after due notice had been given.

It has been held repeatedly that subdivisions 67C and 67F are repugnant to each other, and that subdivision F is controlling. (*Cok v. Robinson,* 194 Fed. 785, 114 C. C. A. 505; *In re Richards,* 96 Fed. 935, 37 C. C. A. 634; *In re Kenney,* 97 Fed. 554–557.)

It is nowhere alleged in the complaint that at the time the order of subrogation was made the attachment was still in force and effect and had not been discharged. (*In re Walsh Brothers,* 195 Fed. 576; *Davis v. Crompton,* 158 Fed. 735–743, 85 C. C. A. 633.)

SULLIVAN, J.—This is an action by a trustee in bankruptcy to have a certain alleged assignment of a claim against the Blackwell Lumber Co., one of the defendants, adjudged fraudulent as to creditors, and that the plaintiff have judgment directing said company to pay to the plaintiff trustee the sum of $369.35, with interest thereon from June 16, 1911.

The court sustained a general demurrer to the complaint and the plaintiff refused to plead further and judgment of dismissal was entered.    From that judgment this appeal is taken.

It is alleged in the complaint that on the 20th day of May, 1911, said Johannes was duly adjudged a bankrupt upon his voluntary petition theretofore filed in the clerk's office of the United States district court for the eastern district of the state of Washington, and thereafter on the 21st day of June, 1911, the plaintiff was duly elected trustee in the matter of the estate of said Johannes and thereafter qualified and entered upon the discharge of his duties; that on the 16th day of May, 1911, an action was brought in the eighth judicial district of the state of Idaho by the Davenport Coal Co., a corporation, against said R. J. Johannes and others, in which action an attachment was duly issued and the Blackwell Lumber Co. was garnisheed, and in answer to such garnishment stated that it was indebted to said Johannes in the sum of $369.35, and still is indebted to him in said sum, and that demand has been made by the plaintiff for the payment of said sum from the said Blackwell Lumber Co., by plaintiff, but the said company still holds and refuses to pay the plaintiff said sum or any part thereof; that said Johannes was doing business prior to his adjudication in bankruptcy as the Spokane Coal Co., and that any indebtedness due the Spokane Coal Co. is in fact and reality due to said Johannes, that being the name under which he transacted business; that Mrs. R. J. Johannes was divorced from the said Johannes on the ground of nonsupport; that the said R. J. Johannes, for the purpose of defrauding his creditors, voluntarily and without demand on the part of his said former wife, assigned to her on May 17, 1911, the said account of indebtedness due him from the Blackwell Lumber Co.; that said assignment was intended as

a preference and to prevent said sum from being divided among his creditors proportionately and equitably, and as a transfer to his said former wife, so as to enable her to obtain a greater percentage of her debt than any other creditor of his in the same class; that said transfer was made while Johannes was utterly insolvent and knew himself to be insolvent and such insolvency was known to Mrs. Johannes, and that said transfer was known by her to be for the purpose of hindering, delaying and defrauding his other creditors; that said Johannes and his wife had a property settlement of all their affairs, and in such settlement the said R. J. Johannes retained possession of said account against the Blackwell Lumber Co. for his own use and benefit, and that said transfer to his said former wife was not made to her in good faith; that said money is still in the possession of the Blackwell Lumber Co.; that the plaintiff applied to the referee in bankruptcy where said petition in bankruptcy was filed for leave to preserve the said attachment lien for the benefit of the estate of said bankrupt, and so that the rights of said Davenport Coal Co. under said attachment might be used for the benefit of the creditors of said bankrupt, and that upon notice to and waiver of the statutory time, and with the consent of the Davenport Coal Co., said referee made an order permitting this plaintiff to bring this action to recover the said money and to maintain and preserve the lien of said attachment issued in said action of the Davenport Coal Co. against the said R. J. Johannes; and the prayer is that said assignment of said claim be adjudged to be null and void and fraudulent as to the creditors, and that the plaintiff may have judgment directing the Blackwell Lumber Co. to pay to the trustee the said sum of $369.35 with interest.

It will be observed from the foregoing statement of the allegations of the complaint that the plaintiff sought to recover against the defendant upon three grounds: (1) That the transfer made by the bankrupt to his former wife was fraudulent in fact; (2) That it was intended as a preference made within four months of the adjudication of the insolvency of said bankrupt and while the bankrupt was insolvent and

knew himself to be insolvent and was accepted by his wife as a preference; (3) That the Davenport Coal Co. secured a lien of attachment and garnishment prior to the pretended assignment from the said Johannes to his former wife, and that the trustee is entitled to be subrogated to the rights of said Davenport Coal Co. as such attaching creditor and can enforce its lien for the benefit of the estate of said bankrupt.

It is contended by counsel for respondent that in order that a trustee in bankruptcy may be entitled to prosecute an action such as this against the holder of the funds, it must first be alleged and shown that the money is still in the hands of the Blackwell Lumber Company and was at the time the subrogation was made, and that it was a part of the estate; second, that at the time the subrogation was made, the attachment was still in force; and third, that the trustee had been subrogated to the rights of the attachment creditor, after due notice had been given.

We think the allegations of the complaint sufficiently show that the first and second requirements contended for as above stated have been fully complied with, and that the allegations of the complaint show that the Blackwell Lumber Co. had said funds in its hands and that said attachment was in force when this suit was brought.

The main contention by respondent seems to revolve around the third requirement as above stated, to the effect that it must be alleged that the trustee had been subrogated to the rights of the attachment creditor after due notice had been given.

The procedure in regard to subrogation is not pointed out by the bankruptcy act, but it is contended by counsel for respondent that the provisions of subd. 67f of the bankruptcy act of July 1, 1898 (30 Stats. at Large, 565, c. 541, U. S. Comp. Stats. 1901, p. 3450, 1 Fed. Stats. Ann., p. 693), are mandatory and imperative, and provide that subrogation shall not be made except upon and after due notice has been given, and that such notice must be given to the parties interested in the case, and that that was not done in this case. Counsel states that the object of such notice is unquestionably to

permit any party who owned property attached to show that fact to the bankruptcy court before such an order was made, and also to permit the party in whose hands the property is alleged to be to show any fact which would relieve such party from having an action commenced against him.

In reply, we think it is sufficient to say that the trustee was authorized to bring this action by the bankruptcy court and that summons must be served on the Blackwell Lumber Co. and the defendant Mrs. Johannes. They, then, in the trial of this case would have the opportunity to establish their respective rights to the funds in question and have their day in court.

The provisions of said sec. 67f were construed by the supreme court of the United States in *First National Bank v. Staake, Trustee*, 202 U. S. 141, 26 Sup. Ct. 580, 50 L. ed. 967. Mr. Justice Brown, speaking for the court, citing this section, said:

"This section (67f) makes two distinct provisions for the disposition of the property of an insolvent attached within four months prior to the filing of a petition in bankruptcy against him. First, such attachments shall be declared null and void, and the property affected shall be deemed released, and shall pass to the trustee of the estate of the bankrupt; or second, the court may order that the right acquired by the attachment shall be preserved for the benefit of the estate. In the first case the whole property passes free from the attachment. In the second, so much of the value of the property attached as is represented by the attachments passes to the trustee for the benefit of the entire body of creditors; that is, 'for the benefit of the estate'—in other words, the statute recognizes the lien of the attachment, but distributes the lien among the whole body of creditors. . . . .

"Section 67f is merely carrying out the general purposes of the act, of securing to the creditors the entire property of the bankrupt, reckoning as part of such property liens obtained by attaching creditors against real estate which had been transferred to another, though no deed had been actually executed and recorded."

Said sec. 67f provides that all levies, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged, etc.

All of the jurisdictional facts required to be plead in a case of this kind are found in the complaint.

Sec. 70e of said bankrupt act (Supp. 1911, U. S. Comp. Stats., p. 1511), provides:

''The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a *bona fide* holder for value. For the purpose of such recovery, any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.''

A fraudulent transfer of said account is alleged in the complaint, also that the Davenport Coal Co. secured a lien upon said account prior to the transfer to Mrs. Johannes, and that on May 20, 1911, said Johannes was duly adjudged a bankrupt upon his voluntary petition, and that for the purpose of hindering, delaying and defrauding his creditors, said Johannes voluntarily and without demand on the part of Mrs. Johannes, assigned to her on May 17, 1911, the said account of indebtedness, and this action is brought to annul such transfer and to recover the money for the benefit of the creditors of said estate. The Blackwell Lumber Co. is merely a stakeholder of said fund, but does not want to pay it to either of the claimants until the matter has been determined by judicial proceedings. That being true, the court in this proceeding has all the parties before it who claim said fund

and the rights of each may be judicially determined in this proceeding.

In sec. 60 of said act it is provided, among other things, that ''A person shall be deemed to have given a preference, if, being insolvent, he has, within four months of the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class.'' The complaint contains al-· legations covering the provisions of said section, and it is also alleged that Mrs. Johannes knew that her husband was insolvent, and that said assignment was intended as a preference and was not made until after Johannes had prepared his petition and schedules in bankruptcy, thus pleading the facts from which the fraudulent intent may be presumed.

In view of those statutes, it is clear that if a creditor could have avoided any transfer under the laws of the state, the trustee can do the same, and it is immaterial that the creditors of the bankrupt were not in a position to attack the transfer. The trustee is given the rights of the creditor, and may sue to avoid any conveyance which a creditor could have avoided, although made more than four months prior to the adjudication of bankruptcy. (See Collier on Bankruptcy, p. 782 et seq., and authorities there cited.)

It is alleged in the complaint that this preference was made about the time the voluntary petition in bankruptcy was prepared, and that it was an absolutely fraudulent preference attempted to be made without consideration and for the purpose of depriving said bankruptcy estate of the same.

A·very important amendment was made to the bankruptcy act in 1910, and was in force at the time that R. J. Johannes was adjudged a bankrupt. Said amendment is in part as follows:

'' . . . . and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall

be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied.''

The effect of said amendment is discussed in Loveland on Bankruptcy, 4th ed., 1912, sec. 372, and it is there said that the effect of said amendment is that the trustee may now challenge any security or conveyance that a lien or judgment creditor might have challenged had the bankruptcy not intervened.

It is earnestly contended by counsel for respondent that the complaint does not show that the trustee had obtained from the court ''upon notice, permission to retain this lien for the benefit of the estate.'' Such an allegation was not necessary in the complaint, for the reason that the plaintiff brought himself directly within the provisions of secs. 67c and 67f as construed by the United States supreme court in *First National Bank v. Staake, supra,* from which case we have quoted in this opinion. It was there held that said sec. 67f makes two distinct provisions for the disposition of the property of an insolvent attached within four months prior to the filing of a petition in bankruptcy against him. The first provision is that an attachment shall be declared null and void and the property affected shall be deemed released and shall pass to the trustee of the estate of the bankrupt; the second, that the court may order that the right acquired by the attachment shall be preserved for the benefit of the estate. The discharge of the attachment has the effect merely to place title to the property in the trustee for the benefit of all the creditors, subject only to the right on the part of some *bona fide* purchaser or holder of an unrecorded deed to assert his right thereto.

In the case at bar the lumber company was indebted to the bankrupt. The bankrupt within four months after his adjudication, and with intent to delay and defraud his creditors, attempted to transfer his property to his former wife after

an attachment lien had been levied, and she is not in the position of a *bona fide* purchaser under such allegations, or one holding an unrecorded deed and having rights accruing prior to the levy of the attachment. (See *Citizens' Trust Co. v. Tilt,* 200 Fed. 410, 118 C. C. A. 562.)

We think the allegations of the complaint amply sufficient, if on a trial the evidence warrants it, to have the attachment lien preserved for the benefit of all the creditors, and also the right to have this transfer declared fraudulent in fact and as a preference. (As bearing upon this question, see *In re Downing,* 201 Fed. 93, 119 C. C. A. 431.)

The allegations of the complaint state a cause of action and the court erred in sustaining the demurrer. Costs awarded to appellant.

Ailshie, C. J., and Stewart, J., concur.