(June 5, 1915.)

W. A. COREY, Trustee in Bankruptcy of R. J. JOHANNES, Appellant, v. BLACKWELL LUMBER COMPANY, a Corporation, and Mrs. R. J. JOHANNES, Respondents.

[149 Pac. 410.]

Continuance—Discretion of Court—No Abuse of.

1. The granting or refusing to grant a continuance of a case is largely in the sound discretion of the trial court, and *held,* in this case, that under the facts presented by the affidavits for a continuance, the court did not abuse its discretion in refusing to grant a continuance.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. Robert N. Dunn, Judge.

Action to recover the amount of an alleged fraudulent preference made by a bankrupt.   Motion for a continuance denied, and judgment of dismissal entered.   *Affirmed.*

E. R. Whitla and Samuel R. Stern, for Appellant.

We are not willing to concede that the court exercised a sound discretion.   On the contrary, we insist that he abused the discretion vested in him.   (*Hamilton v. Hamilton,* 21 Ida. 672, 123 Pac. 630.)

This court has not heretofore hesitated to reverse the trial court upon a matter of its discretion with respect to a continuance.   (*Storer v. Heitfeld,* 17 Ida. 113, 105 Pac. 55.)

"It is error on the part of the court to allow the dismissal of a case for want of prosecution where the delay has been caused or acquiesced in by defendant or where defendant has been equally negligent in the prosecution of a counter-claim interposed by him."   (14 Cyc. 446.)

John P. Gray and Frank M. McCarthy, for Respondents.

A motion for continuance is addressed to the sound legal discretion of the court, and unless there is a clear abuse of that discretion the order will not be disturbed on appeal. (*Richards v. Richards,* 24 Ida. 87, 132 Pac. 576; *De Puy v. Peebles,* 24 Ida. 550, 135 Pac. 264; *Holt v. Gridley,* 7 Ida. 416, 63 Pac. 188; *Reynolds v. Corbus,* 7 Ida. 481, 63 Pac. 884; *Richardson v. Ruddy,* 10 Ida. 151, 77 Pac. 972; *Storer v. Heitfeld,* 17 Ida. 113, 105 Pac. 55; *Rankin v. Caldwell,* 15 Ida. 625, 99 Pac. 108; *Miller v. Brown,* 18 Ida. 200, 109 Pac. 139; *Walsh v. Winston Bros. Co.,* 18 Ida. 768, 772, 111 Pac. 1090.)

"A party to an action must so arrange his engagements that he can be at the trial of his cause, if he deems it for his best interest or pleasure to do so.   The business of the court and his adversary are quite as important as his own."   (*Richardson v. Dinkgrave,* 26 La. Ann. 651; *Schlesinger v. Nunan,* 26 Ill. App. 525.)

"The absence of counsel upon the calling of the case for trial is little favored by the courts as a ground for continuance." (*Lightner v. Menzel*, 35 Cal. 452; *Hammond v. Haws*, 11 Fed. Cas., p. 390, No. 6,002; *Baumberger v. Arff*, 96 Cal. 261, 31 Pac. 53; *Keegan v. Donnelly*, 11 Colo. App. 31, 52 Pac. 292; *Reynolds v. Campling*, 23 Colo. 105, 46 Pac. 639; *Cox v. Allen*, 91 Iowa, 462, 59 N. W. 335.)

"Due diligence is a question upon which the decision of the trial court is always presumably correct." (Vol. 4, Ency. Pl. & Pr. 856; *Blair v. Chicago etc. R. Co.*, 89 Mo. 383, 1 S. W. 350; *State v. Whitton*, 68 Mo. 91; *Boone v. Mitchell*, 33 Iowa, 45.)

SULLIVAN, C. J.—This action was brought by the plaintiff as trustee in bankruptcy of one R. J. Johannes against the Blackwell Lumber Company, a corporation, and Mrs. R. J. Johannes, to recover the amount of an alleged fraudulent preference attempted to be made by Johannes, the bankrupt, to his divorced wife, one of the defendants.

The lumber company was made a party defendant because it had in its possession money originally due to said R. J. Johannes, while the latter was engaged in the coal business in Spokane, Washington, and because a garnishment or attachment had been issued against it in an action brought by the Davenport Coal Company against the bankrupt to recover money due it from him.

The complaint was filed March 26, 1912, to which a demurrer was interposed and the demurrer was not disposed of until January, 1913, when it was sustained. The plaintiff elected to stand on his complaint and refused to plead further, and judgment of dismissal was entered and from that judgment an appeal was taken to this court (see *Corey v. Blackwell Lumber Co.*, 24 Ida. 642, 135 Pac. 742), and the judgment was reversed and the cause remanded for further proceedings.

On March 5, 1914, the cause came on for trial and the application was made to postpone the trial because the plaintiff had not yet taken the deposition of R. J. Johannes, which

he desired to introduce on the trial of the case, and also because of the engagements of Mr. Stern, one of the attorneys for the plaintiff, who took the more active part in the management of this case and who was intending to try it with the assistance of Mr. Whitla.    The court denied a continuance and thereupon dismissed the action for want of prosecution.

A motion was made to vacate and set aside the judgment of dismissal, and the appeal is from the judgment and the order denying the motion to vacate the judgment.

The errors assigned involve the action of the court in refusing to grant a continuance and in dismissing the case for want of prosecution.

The motion to vacate the judgment was presented on certain affidavits and the record in the case.    A continuance was asked for the purpose of procuring the deposition of the bankrupt, and it was contended that all possible diligence was exercised in attempting to procure said deposition, but that it was impossible to locate the said Johannes, and that he was finally located in Helena, Montana.

It is a well-recognized rule that the discretion of the trial court in refusing or granting a continuance will not be reversed on appeal unless there appears from the record a clear abuse of such discretion, and we are unable to say from the whole record that the trial court abused its discretion in refusing to grant the continuance.    None of the facts showing the diligence used by the appellant in ascertaining the whereabouts of said Johannes in order to take his deposition are set forth in the affidavits, and the trial court evidently concluded that when the plaintiff knew that said case would come on for trial he ought to have made certain efforts to locate his witnesses, and in case he could not do so, he ought to have set forth the facts in his affidavit as to what he had done in regard to the matter.    If the plaintiff had been depending on the deposition of Johannes in the trial of said case, a prudent or careful plaintiff would have certainly kept informed as to his location or made timely effort to ascertain the location of his witness in order to enable him to take his deposition.

While this court would have been fully justified in holding that the court did not abuse its discretion in case it had granted the continuance, we cannot say that he abused his discretion in refusing to grant a continuance under the facts set forth in the affidavits.

The action of the court therein and in entering a judgment of dismissal must therefore be affirmed, and it is so ordered, with costs in favor of the respondents.

Budge and Morgan, JJ., concur.