### WARD v. CENTRAL TRUST CO. OF ILLINOIS.

### In re MORRISON.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1919.)

### No. 2705.

1. BANKRUPTCY ⊜═296—JURISDICTION OF BANKRUPTCY COURTS TO SET ASIDE FRAUDULENT CONVEYANCE.

Under Bankruptcy Act July 1, 1898, §§ 60b, 67e (Comp. St. §§ 9644, 9651), the District Court for Illinois, sitting as a bankruptcy court, has jurisdiction of a bill by a trustee to set aside as fraudulent and preferential a conveyance by the bankrupt made within four months of the filing of

⊜═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the petition, even though the bankrupt and his grantee were both citizens of Illinois, and the land was located in that state.

2. BANKRUPTCY ⟳100(1)—EFFECT OF ADJUDICATION ON COLLATERAL ATTACK.
In a suit by a trustee in bankruptcy to set aside a conveyance made by the bankrupt within four months of filing petition, the adjudication in bankruptcy is not open to collateral attack, and the grantee cannot defend on the ground that the trustee was wanting in legal capacity to accept the post of trustee or that his grantor was not in fact bankrupt.

3. BANKRUPTCY ⟳100(1)—SCOPE OF ADJUDICATION AS TO FRAUDULENT CHARACTER OF TRANSFER CHARGED AS ACT OF BANKRUPTCY.
Though the petition on which adjudication in bankruptcy was had charged that a conveyance was an act of bankruptcy on the part of the grantor, the grantee may, in a suit by the trustee to set aside the conveyance, controvert the trustee's allegations and proofs with regard to the grantee's guilty knowledge and fraudulent conduct.

4. BANKRUPTCY ⟳290—DEFENSES TO ACTION TO SET ASIDE CONVEYANCE AS FRAUDULENT.
In a suit by the trustee to set aside a conveyance made by the bankrupt within four months of the filing of the petition, the grantee cannot defend on the ground that the rents of the property which was in the possession of a receiver were sufficient to pay all claims filed in the bankruptcy court; it not appearing that the grantee consented to such use of rents, which, in event of decree sustaining the conveyance, would belong to him.

5. BANKRUPTCY ⟳305—SCOPE OF SUIT TO SET ASIDE FRAUDULENT CONVEYANCE.
In a suit by a trustee in bankruptcy to set aside as fraudulent and preferential a conveyance made by the bankrupt within four months of filing of the petition, the questions whether unexpended balance of funds, if any, should be returned to defendant, etc., are without the scope of the jurisdiction of the chancery suit.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Central Trust Company of Illinois, trustee in bankruptcy of Edward Morrison, against James R. Ward. From a decree for complainant, defendant appeals. Affirmed.

See, also, 252 Fed. 127, 164 C. C. A. 239.

James R. Ward, of Chicago, Ill., in pro. per.

James Rosenthal and Francis J. Houlihan, both of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. Morrison was duly adjudged a bankrupt. See Morrison v. Rieman, 249 Fed. 97, 161 C. C. A. 149. The bankruptcy proceedings are still pending in the bankruptcy court.

Within four months preceding the filing of the petition in bankruptcy, Morrison deeded all his real estate to appellant. Under a bill filed on the chancery side of the District Court, the trustee secured a decree canceling the transfer as preferential and also as fraudulent.

[1] Appellant's challenge of the trial court's jurisdiction on his assertion that, because Morrison and appellant are both citizens of Illinois and the real estate is situated in that commonwealth, the courts of Illinois are alone authorized to investigate the transaction, results from a misapprehension of the nature and scope of the national Bankruptcy

⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Act (Act July 1, 1898, c. 541, 30 Stat. 544 [Comp. St. §§ 9585–9656]). See sections 60b and 67e (sections 9644, 9651); Van Iderstine v. National Discount Co., 227 U. S. 575, 33 Sup. Ct. 343, 57 L. Ed. 652; Dean v. Davis, 242 U. S. 438, 37 Sup. Ct. 130, 61 L. Ed. 419.

[2, 3] Appellant contends for a right to show that Morrison was not a bankrupt when he was so adjudged, that there were no creditors with valid claims then or since, and that appellee was wanting in legal capacity to be given and to accept the post of trustee, and therefore lacked capacity to sue appellant on account of the fraudulent transfer. These contentions constitute no more than a collateral attack upon the judgment and record of the bankruptcy court; that is, the judge who heard this chancery cause had no jurisdiction to review the existence of the necessary facts which the judge of the bankruptcy court found and acted upon. But that was the extent of the binding effect of the adjudication as a judgment in rem; and, although the petition in bankruptcy charged that the conveyance from Morrison to appellant was an act of bankruptcy, appellant was entitled to have (as he did have) a full opportunity to controvert the trustee's allegations and proofs respecting appellant's guilty knowledge and fraudulent conduct. Gratiot County State Bank v. Johnson, Trustee, 249 U. S. 246, 39 Sup. Ct. 263, 63 L. Ed. 587.

[4] Because the evidence showed that at the time of the trial the trustee had on hand a sum from rents largely in excess of the amount of the only claim then allowed, appellant urges that the chancery court should not have set aside the conveyance. (1) The chancery court was not asked, even if it had the power, to control the administration of the bankruptcy proceeding. (2) The rents were collected and held by the receiver, and afterwards by the trustee, under interlocutory orders of the bankruptcy court. If appellant's title to the real estate should be upheld, presumably the rents would belong to him. He made no offer that the rents should be applied by the trustee in satisfaction of claims against the bankrupt estate.

[5] Whether the unexpended balance of the funds, if any, shall be returned to appellant, and whether the trustee shall be required to convey to appellant any unsold parcels of the real estate, are matters beyond the province of this chancery suit.

Concerning the merits of the decree on the evidence, it suffices to say that the record abundantly sustains the charges of appellant's guilty knowledge and fraudulent conduct.

The decree is affirmed.