(November 27, 1925.)

## D. H. EVANS, as Trustee of the Estate of EDWARD T. WOOD, Bankrupt, Respondent, v. MAUDE R. WOOD, Appellant.

### [241 Pac. 609.]

BANKRUPTCY — ADJUDICATION — CONVEYANCE BY BANKRUPT — SUIT TO
SET ASIDE—PLEADING—EVIDENCE.

1. An allegation that one was adjudged a bankrupt is the equivalent of an allegation that an order was duly given and made adjudging one a bankrupt.

2. A conveyance made with intent to hinder, delay or defraud creditors is void, although the debtor may have other property sufficient to satisfy their claims.

3. That a promissory note was given for the purchase of stock in a "Blue Sky" corporation is no defense as against a holder in due course.

4. In a suit by a trustee in bankruptcy to set aside a conveyance, the admission in evidence of the bond of the trustee showing that it had been filed and approved is material as tending to establish the status of the plaintiff as trustee.

5. In a suit by a trustee in bankruptcy to set aside a conveyance, the court will not examine the orders of the bankruptcy court to determine if it was justified in making the appointment.

6. The allowance of claims by a bankruptcy court cannot be collaterally attacked in a suit by a trustee in bankruptcy to set aside a conveyance.

7. It is sufficient to sustain a decree setting aside a conveyance made to defraud creditors, at the suit of a trustee in bankruptcy, that there was one creditor who could have set aside the conveyance.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Decree setting aside conveyances in fraud of creditors. *Affirmed.*

H. J. Swanson, for Appellant.

The complaint does not state a cause of action. There is no sufficient allegation of an adjudication in bankruptcy of

the person for whom the plaintiff claims to be acting as trustee. (*Mears v. Shaw*, 32 Mont. 575, 81 Pac. 338; *Henderson v. Daniels*, 62 Mont. 363, 205 Pac. 964; *Young v. Wright*, 52 Cal. 407; *Jensen v. Berry & Ball Co.*, 37 Ida. 394, 216 Pac. 1033.)

There is no allegation that at the time the conveyances were made the debtor had no other property subject to execution out of which his debts, if any he owed, could be satisfied. (*Albertoli v. Branham*, 80 Cal. 631, 13 Am. St. 200, 22 Pac. 404; *Evans v. Hamilton*, 56 Ind. 34; *Deutsch v. Korsmeier*, 59 Ind. 373.)

There is no allegation in the complaint conforming to the requirements of C. S., sec. 6711. (*Jensen v. Berry & Ball Co.*, 37 Ida. 394, 216 Pac. 1033.)

The only consideration for the notes was shares of capital stock in an Idaho corporation which had not complied with C. S., chap. 206. Such a contract entered into in violation of a penal statute is void. (*Zimmerman v. Brown*, 30 Ida. 640, 166 Pac. 924; *Metz v. Jones*, 39 Ida. 330, 227 Pac. 591; *McFall v. Arkoosh*, 37 Ida. 243, 215 Pac. 978, *Edward v. Ioor*, 205 Mich. 617, 172 N. W. 620; *Domenigoni v. Imperial Livestock & Mortgage Co.*, 189 Cal. 467, 209 Pac. 36; *Neil v. Utah Wholesale Grocery Co.*, 61 Utah, 22, 210 Pac. 201; *Morey v. Paladini*, 187 Cal. 727, 203 Pac. 760; *Pacific Elec. Ry. Co. v. Commonwealth Bonding & Casualty Ins. Co.*, 55 Cal. App. 704, 204 Pac. 262.)

The ruling by a referee in bankruptcy on the allowance or disallowance of claims in the bankruptcy proceedings is not *res adjudicata* to strangers to the said bankruptcy proceedings. (2 Black on Judgments, 2d ed., secs. 534, 549; *Cullinane v. State Bank of Waverly*, 123 Iowa, 340, 98 N. W. 887; *Corey v. Blackwell Lumber Co.*, 24 Ida. 642, 135 Pac. 742; *Gratiot County State Bank v. Johnson*, 249 U. S. 246, 39 Sup. Ct. 263, 63 L. ed. 587; *Lamb v. Kelly*, 97 W. Va. 409, 125 S. E. 102.)

None of the holders of the notes are holders in due course. (C. S., secs. 5922, 5926.)

Finis Bentley and Geo. D. McClintock, for Respondent.

The complaint states a cause of action. (*Corey v. Blackwell Lumber Co.*, 24 Ida. 642, 135 Pac. 742; *Weller v. Dickinson*, 93 Cal. 108, 28 Pac. 854; *Collins v. O'Laverty*, 136 Cal. 31, 68 Pac. 327; *Guernsey v. Northern Cal. Power Co.*, 7 Cal. App. 534, 94 Pac. 858.)

The appointment of a trustee in bankruptcy cannot be attacked collaterally. (*Sharfsin v. United States*, 265 Fed. 916; *Ward v. Central Trust Co.* (C. C. A. Ill.), 261 Fed. 344; 5 Remington on Bankruptcy, 386, sec. 2326; *Ross v. Stroh*, 165 Fed. 628, 91 C. C. A. 616; *Hull v. Burr*, 64 Fla. 83, 59 So. 787; sec. 21e, Bankruptcy Act 1898.)

The adjudication of bankruptcy is conclusive upon all the world. So far as it declares the status of the debtor, strangers to the record cannot attack it collaterally. (*Michaels v. Post*, 88 U. S. 398, 22 L. ed. 520; *New Lamp Chimney Co. v. Ansonia Brass & Copper Co.*, 91 U. S. 659, 23 L. ed. 336.)

A certified copy of the order approving the bond of a trustee shall constitute conclusive evidence of the vesting in him of the title to the property of the bankrupt. (Sec. 21e, Bankruptcy Act 1898.)

Possession of other means, though competent as evidence to rebut the inference of fraudulent intent, is not conclusive against it, and if a fraudulent intent exists, the conveyance is void notwithstanding the debtor may own other property. (*Benson v. Harriman*, 55 Cal. App. 483, 204 Pac. 255.)

A bill by a trustee to set aside a voluntary conveyance by a bankrupt need only show one existing creditor who could have avoided the conveyance and the court will set it aside in favor of all existing creditors to file and prove their claims in the bankruptcy court. (*Cartwright v. West*, 185 Ala. 41, 64 So. 293.)

A note given for stock sold in violation of the Blue Sky Law is valid in the hands of an innocent purchaser for

value and without notice. (*Ashley & Rumelin v. Brady, ante,* p. 160, 238 Pac. 314.)

WM. E. LEE, J.—The motion to dismiss this appeal is found to be without merit and is denied.

In the early part of 1921, Edward T. Wood was working about a garage at Lava Hot Springs and was examining the business and the books and records thereof with a view of purchasing an interest in the business. It was finally arranged between Wood and the partners, who owned the garage business, that he would buy an interest. They decided to organize a corporation to take over the business. Wood did not sign the articles of incorporation, although he otherwise participated in the organization of the corporation, the Lava Motor Company, and was the first president of the board of directors. Certain shares of the capital stock of the corporation were issued to Wood to represent his interest in the corporation, and in payment thereof he made and delivered to the corporation his four promissory notes in the principal sum of $12,500. Wood paid interest on two of the three notes in evidence, and, as president, he signed the stock certificates. Two of the notes were held by the corporation, one came into the hands of W. F. Kasiska, and the fourth, a renewal note, was indorsed to the New England National Bank of Kansas City, as collateral security for a note of the Lava Motor Company. Wood was adjudged an involuntary bankrupt, whereupon the four notes were presented and allowed as debts against the bankrupt estate. Within four months of the filing of the petition, on which he was adjudged a bankrupt, Wood had conveyed his real property to members of his immediate family; and this action was instituted by the trustee in bankruptcy against Wood's daughter to set aside the conveyances made to her. The court made findings and conclusions on the issues presented, entered a decree adjudging the transfers void and ordered a conveyance of the real property to the trustee. The defendant made and delivered conveyances

to the clerk, in pursuance of C. S., sec. 7157, and has appealed from the decree.

Appellant suggests that the complaint does not state a cause of action. It is first contended that there is no sufficient allegation of an adjudication in bankruptcy; that instead of alleging that Edward T. Wood was duly adjudged a bankrupt, the complaint should have alleged that, by judgment, "duly given and made," said Wood was adjudged a bankrupt. In *Corey v. Blackwell Lumber Co.*, 24 Ida. 642, 135 Pac. 742, a complaint, reciting that "said Johannes was duly adjudged a bankrupt," was held good. *Jensen v. Berry & Ball Co.*, 37 Ida. 394, 216 Pac. 1033, is not in point, for there it was held that, in pleading a former judgment if one elects to state the facts instead of complying with C. S., sec. 6711, one must state all facts necessary to confer jurisdiction. Conceding that the order of the United States district court, adjudging Wood a bankrupt, is a judgment, it could be alleged, under C. S., sec. 6711, as having been duly given and made, or words equivalent. (*Walter v. Mitchell*, 25 Mont. 385, 65 Pac. 5; *Guernsey v. Northern California Power Co.*, 7 Cal. App. 534, 94 Pac. 858.) An allegation that one was duly adjudged a bankrupt is the equivalent of an allegation that an order was duly given and made adjudging one a bankrupt.

It is next objected that there is no allegation that at the time the conveyances were made Wood had no other property subject to execution, out of which his debts could be satisfied. The objection is without merit. It is alleged that the conveyances were made with intent to hinder, delay and defraud creditors, and for a fictitious consideration. Sec. 67 (e) of the Bankruptcy Act of 1898 provides that:

"All conveyances, transfers, assignments, or encumbrances of his property or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this Act subsequent to the passage of this Act and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against

the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; . . . . "

A conveyance made with intent to hinder, delay or defraud creditors is void although the debtor may have other property sufficient to satisfy their claims. (*Johns v. Baender,* 40 Cal. App. 790, 182 Pac. 55; *Benson v. Harriman,* 55 Cal. App. 483, 204 Pac. 255; *Kraver v. Abrahams* (D. C.), 203 Fed. 782; *Hager v. Shindler,* 29 Cal. 47; *S. E. Slade Lumber Co. v. Derby,* 31 Cal. App. 155, 159 Pac. 881; *First Nat. Bank v. Maxwell,* 123 Cal. 360, 69 Am. St. 64, 55 Pac. 980; *Bekings v. Dieterle,* 5 Cal. App. 690, 91 Pac. 173. See, also, *California etc. Min. Co. v. Manley,* 10 Ida. 786, 81 Pac. 50.) The Bankruptcy Act of 1898, sec. 67 (e), provides that property so conveyed "shall be and remain a part of the assets" of the bankrupt estate, and shall pass to the trustee, who shall recover the same for the benefit of creditors. The trustee, it seems, is only required to show a right to avoid such a conveyance to entitle him to the property. (*Eau Claire Nat. Bank v. Jackman,* 204 U. S. 522, 27 Sup. Ct. 391, 51 L. ed. 596; *Cartwright v. West,* 185 Ala. 41, 64 So. 293.) However, it was alleged and proved and the court found that the property of the bankrupt was insufficient to satisfy the allowed claims of the creditors.

The admission in evidence of a certified copy of the bond of the trustee, showing that it had been filed and approved, is assigned as error on the ground that it was immaterial. It tended to establish the status of plaintiff as trustee, and was properly admitted. (See sec. 21 (e), Bankruptcy Act of 1898.)

It is claimed that it appears from certain exhibits in evidence that the creditors had no right to vote for a trustee, and that plaintiff is not, therefore, the trustee of the bankrupt's estate. Among other things, there is in evidence the order adjudging Wood a bankrupt, the appointment of the trustee, the approval of the appointment, the approved bond of the trustee, and the order authorizing the trustee to commence and maintain this suit. Under these circumstances, this court will not review such evidence to deter-

mine if the trustee was duly appointed. The appointment of the trustee is a prerogative of the bankruptcy court, and one should not be permitted to thus attack its proceedings. (*Ward v. Central Trust Co. of Illinois* (C. C. A.), 261 Fed. 344; *Scofield v. United States,* 174 Fed. 1, 98 C. C. A. 39.)

Appellant contends that the notes, constituting the proved claims against the bankrupt, are void in that they were given for stock in a corporation that had not complied with what is known as the Blue Sky Law. Wood had been adjudged a bankrupt. The bankruptcy court is the proper tribunal to pass on the validity of claims presented against the bankrupt estate, and since the evidence shows that the claims have been presented to and allowed by the bankruptcy court it would seem that such an allowance would not be open to collateral attack. (*Ward v. Central Trust Co. of Illinois,* 261 Fed. 344.) However, it is not necessary to place our decision solely on that ground. The trial court found, on sufficient evidence, that the New England National Bank, one of the creditors, was a holder in due course and for a valuable consideration. It is no defense, therefore, that the consideration for which such note was originally given was stock in a ''blue sky'' concern. (*Ashley & Rumelin, Bankers, v. Brady, ante,* p. 160, 238 Pac. 314; *Butte Machinery Co. v. Jeppeson, ante,* p. 642, 241 Pac. 36.) It is not necessary to here determine the validity of all the claims against the bankrupt estate. It is sufficient to sustain the decree that there was one creditor who could have set aside the conveyance. (*Cartwright v. West,* 185 Ala. 41, 64 So. 293.)

In addition to the existence of proved claims against the bankrupt estate, the court found that the conveyances in question were fraudulent and void, as against Wood's creditors; that the property was transferred for the sole purpose of defeating the claims of the creditors and of rendering any judgment that might be obtained against him of no value; that the consideration named in the deeds was fictitious and that in fact no consideration whatever was paid.

The evidence amply supports the findings. The findings sustain the conclusion, and the findings and conclusions sustain the decree.

Affirmed. Costs to respondent.

William A. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.