LARKIN et al. v. WELCH.
No. 5851.

Circuit Court of Appeals, Seventh Circuit.
Nov. 20, 1936.

Rehearing Denied Dec. 14, 1936.

Duane R. Dills, of New York City, and Louis Goldman, Robert G. Dreffein, and M. J. Hirschenbein, all of Chicago, Ill., for appellants.

Joseph Kamfner, Edwin A. Halligan, and Samuel M. Lanoff, all of Chicago, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

BRIGGLE, District Judge.

John J. Henneberry, Thomas J. Henneberry, and Frank M. Henneberry, individually and as copartners in two separate copartnership enterprises—one the Triangle Motor Sales and the other the Henneberry Implement Company—were adjudicated bankrupts on August 5, 1931, in a single cause No. 47511 of the District Court. The Henneberry Motor Sales, Inc., a corporation of which the Henneberrys were the principal, if not the sole, stockholders was adjudicated a bankrupt on August 11, 1931, in cause No. 47714 of the District Court. Thereafter, the two causes were consolidated and William S. Welch was elected trustee in the consolidated proceedings.

The instant suit is a separate proceeding in equity brought by the trustee to set aside certain transfers of property made by Triangle Motor Sales to Commercial Credit Trust, appellant, sometimes called C. C. T., within four months of bankruptcy.

The trustee's right to sue as trustee for Triangle is attacked on the ground that he was elected trustee of the consolidated causes and not specifically by the creditors of Triangle. The record discloses that a meeting of all creditors of Triangle, the Implement Company, and the Corporation was held at the same time and place and from the proof of what there transpired we think the District Court was justified, in so far as it was an issue in this proceeding, in concluding that appellee was the properly elected trustee of Triangle.

The propriety of the order of consolidation is not before us. See Ward v. Central Trust Co. (C.C.A.) 261 F. 344.

Briefly stated, the District Court found that a chattel mortgage covering certain used cars and accessories bearing date April 6, 1931, in the sum of $25,500 and an assignment of certain notes and open accounts on the same date by Triangle to C. C. T. were voidable preferences and decreed that same be vacated and set aside. The court also voided a certain real estate mortgage of the same date given by John J. Henneberry and wife (concerning which no contention is now presented) and certain cash payments made by Triangle to C. C. T. and rendered judgment against appellants for $72,576.61 with interest from April 6, 1931.

■ As to findings of insolvency, etc. Many questions are raised concerning the sufficiency of the evidence to support the court's findings of fact on which was bottomed the order of avoidance. A voluminous record has been submitted and it is sufficient on this point to observe that an examination of the same discloses ample competent evidence to support the District Court's finding that Triangle, as well as the individuals involved, were insolvent on April 6, 1931; that appellants knew or had reasonable cause to believe that such transfers would effect a preference and that same were not given for a then present and fair consideration. It is true as appellants contend that some incompetent evidence was introduced on this issue, but where the competent proof sustains the court's findings, we will assume that the incompetent was disregarded. We are not at liberty to disturb the court's findings in this respect.

Amount and terms of decree. Under the terms of the chattel mortgage, covering some 37 cars and certain accessories, Triangle retained possession of the property from the date thereof, April 6th, and continued to sell same in the regular course of business until in May, when C. C. T. asserted a default in the terms of the mortgage, seized the remaining property covered by the mortgage and proceeded to advertise the same for sale. Up to the time of seizure Triangle had remitted to C. C. T. for sales of mortgaged property the sum of $1,819 and later remitted an item of $93.50 for the sale of parts. At the time of the asserted default, C. C. T. seized some 15 cars, said to be largely junk,

a motorcycle, and various accessories. Six of the cars were sold for junk for $147.50, and the balance, including the motorcycle, were sold at public sale on May 26th for $315, the accessories bringing $1,860. We thus see that C. C. T. realized from the entire property covered by the chattel mortgage an aggregate amount of $4,235.

■ The District Court's decree proceeded on the theory that C. C. T. was liable for the value of the property covered by the chattel mortgage as of the date of the same. This would have been a correct theory if C. C. T. had taken the property and put itself in a position where it was unable to restore the same to the bankrupt estate. It did so place itself with reference to the property which it seized and sold under its chattel mortgage, as well as the cash items, but the balance of the property at all times remained with Triangle and if Triangle sold same and dissipated the proceeds no reason appears for charging C. C. T. with such misdeeds, merely because it had an unenforced lien thereon. The court's finding No. 6 fixes the value of the entire mortgaged property as of April 6th, at $15,531.71, and charges C. C. T. with the same. In this we think there was error as C. C. T. is only chargeable with such portion of the mortgaged property as it actually converted. Conceding that April 6th was the proper date for the fixing of valuation, no better evidence appears in the record of what the converted portion of the chattels was worth at that time than what they actually sold for on May 26th. That this was a fair sale is not challenged, and we, therefore, think that C. C. T. should, in respect to the property covered by the chattel mortgage, have been charged with the sum of $4,235 instead of $15,531.71.

■ We think, also, that the evidence does not support the District Court's finding No. 7, that an aggregate of $19,900.17 in notes and accounts receivable were assigned on April 6th to C. C. T. The only substantial evidence on this question is the assignment itself with list of accounts attached, aggregating $6,975.68, plus a further assignment of notes on which there was an unpaid balance of $1,877.72. Appellants by their answer admitted having collected certain parts of the notes and accounts receivable and offered, in the event it should be determined that they were without right to the same, to account for such sums collected and to relinquish and deliver up to the trustee the balance of

such notes and accounts. This was all the relief that trustee prayed for in his complaint and we think all that should have been awarded by the decree. Appellants admit having received in collections an aggregate amount of $1,762.04, and no evidence appearing to indicate the receipt of a larger sum, the money decree should have included only this sum on account of the assignment of bills receivable, with a further proviso for reassignment to the trustee of the balance of such accounts and notes. Off v. Hakes (C.C.A.) 142 F. 364; American Exchange Bank of Milwaukee v. Goetz (C.C.A.) 283 F. 900.

In finding 15 it is said that Triangle also transferred to appellants between April 6th and May 2 the following items on which appellants had no lien:

| | |
|---|---:|
| Collections from dealers | $ 1491.00 |
| Payment from purchasers | 44.29 |
| Notes receivable | 170.00 |
| Dealer's collections | 1819.00 |
| Bank draft collections | 93.50 |
| Sales of cars | 33526.94 |
| | $37144.73 |

Such transfers are all conceded and all items except the item of $33,526.94 are included in the sums heretofore discussed and are, therefore, duplications. It is asserted by appellants, however, that the item of $33,526.94 arose from the sale of cars upon which C. C. T. had valid liens acquired long previous to April 6th, and that the receipt by it of such sum was in satisfaction of such liens, and, therefore, rightful. The trustee says in his brief that he at no time questioned the validity of C. C. T.'s trust receipts, but only contends that these particular cars were not cars covered by trust receipts. This item, therefore, involves purely a question of fact.

Trustee also says in his brief that the issues to be decided in the case at bar are mainly questions of fact, and since the findings of the court were based on a record containing 1,196 pages of testimony of numerous witnesses appearing before the court, the findings and decree should not be disturbed. We have not been able to accept our duty as lightly as this, although it does seem that much less than 1,196 pages of testimony should be sufficient to establish or disaffirm any ordinary question of fact if only it contained some proof bearing upon the alleged fact. With the great mass of incompetent and irrelevant evidence intermingled with the competent and relevant, it is little wonder that the trial court experienced difficulty, as expressed in his memoranda, in arriving at a proper amount to charge against appellants.

We have searched the record diligently for evidence bearing upon this item of $33,526.94 with special reference to the record pages to which we have been directed by the briefs, and being always mindful that the trustee bore the burden of establishing a voidable preference, we have not been able to find anything substantial to support the trustee's position. We have discovered isolated bits of evidence tending very strongly to show that this money arose from the sale of cars impressed with a lien in favor of C. C. T. as contended by it, but little to support the trustee except his theory. In this state of the record we think the trustee failed to carry the burden on this item.

Objection is also made that the decree makes no provision for the allowance to appellants of any dividends that may appear due them upon an ascertainment of their account as a general creditor against the bankrupt estate. The decree should have so provided, and appellants should be permitted, upon ascertainment of the amount due them by way of dividends, if anything, to deduct same from the amount so required to be paid the trustee. Page v. Rogers, 211 U.S. 575, 578, 29 S.Ct. 159, 53 L.Ed. 332.

Objection is also urged that the decree allowed interest from April 6, 1931. Appellee suggests that no error is assigned upon this point, but in this he is in error. It does not appear that any demand was ever made upon appellants in this case, and under such circumstances interest should have been allowed from the date of the institution of suit—April 10, 1933. Kaufman v. Tredway, 195 U.S. 271, 25 S.Ct. 33, 49 L.Ed. 190; White Co. v. Wells (C.C.A.) 42 F.(2d) 460.

To summarize: 1. The District Court correctly decided that the transfers on April 6 were voidable preferences and correctly ordered them vacated and set aside.

2. The amount properly chargeable against appellants on account of property covered by the chattel mortgage is $4,235 instead of $15,531.71.

3. The amount properly chargeable against appellants on account of the as-

signment of notes and accounts receivable is $1,762.04. The decree should also provide that the balance of such notes and accounts over and above said sum of $1,762.04 be reassigned and transferred to the trustee; and upon a failure for any reason so to do that the District Court should re-examine and ascertain the fair cash value (not necessarily face value) of such remaining accounts as of April 6, 1931, and render a further money decree against appellants for such amount.

4. The item of $33,526.94 should not be included in the sum charged against appellants.

5. The decree should accord appellants the privilege of setting off any dividends to become due them from bankrupt.

6. The money decree against appellants should be in the sum of $5,997.04 and should provide for interest from April 10, 1933.

The decree of the District Court is modified accordingly, and, as modified, is affirmed. The costs of the appeal shall be taxed one-half against each party. The cause is remanded to the District Court for further proceedings consistent herewith.

Affirmed as modified and remanded.