256 F.2d 163
 Harvey L. VELDE, trustee in bankruptcy of Thomas P. Lawless, individually and doing business as Stark-Lawless Grain Company, a bankrupt, Plaintiff-appellee,
v.
Ezra RUMBOLD, Defendant-appellant.
 No. 12243.
 United States Court of Appeals Seventh Circuit.
 June 3, 1958.
 
 Ira J. Covey, Stephen J. Covey, Harry C. Heyl, Peoria, Ill., for appellant.
 J. E. Richards, Toulon, Ill., Glen L. Borden, Black, Black & Borden, Peoria, Ill., for appellee.
 Before DUFFY, Chief Judge, and SCHNACKENBERG and HASTINGS, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 Following the recommendation of a special master in chancery, the district court entered judgment in favor of plaintiff and against defendant for the value of certain shares of corporate stock of Lawless-Kuhn Corporation and certain corn, together with interest thereon. That part of the judgment which is attributable to the value of the corn and the interest thereon, is not questioned by defendant and will be affirmed.
 
 
 2
 Count I of the complaint, as amended, upon which the judgment was based, charged that, on or about August 21, 1952, being within four months prior to October 9, 1952 when Thomas B. Lawless was declared a bankrupt, he transferred the said stock to defendant, on account of antecedent debts then owing by him to defendant, that bankrupt was insolvent at the time of the transfer and the effect of the transfer was to enable the defendant to obtain a greater percentage of his debt than some other creditor of the bankrupt of the same class; that at the time of the transfer defendant had reasonable cause to believe that the bankrupt was insolvent. It was further alleged therein that defendant had not surrendered such preferences and transfers so made as aforesaid. There was no allegation of a conversion of the stock. The complaint demanded a money judgment against defendant and general relief.
 
 
 3
 Defendant's answer, inter alia, denied that the transaction was a voidable transfer or preference.
 
 
 4
 Evidence was heard by the master. The evidence shows affirmatively that defendant is still the owner and possessor of the stock. The master did not find that there had been a conversion and the district court made no finding to that effect.
 
 
 5
 When the case was before the district court on defendant's objections to the master's report, defendant stated to the court in objection 11 that he was then able to return the stock to the trustee and that the judgment, if any, should order him to make said return.
 
 
 6
 Sec. 60, sub. b, of the Bankruptcy Act[1] provides:
 
 
 7
 "* * * Where the preference is voidable, the trustee may recover the property or, if it has been converted, its value from any person who has received or converted such property, * * *."
 
 
 8
 This language indicates that, where a preference is voidable, the general rule as to relief to be granted requires a recovery by the trustee in bankruptcy of the property involved in the voidable transfer. It further provides that, if the property has been converted, the trustee may recover its value from any person who has received or converted such property. To obtain this alternative relief, it was necessary for plaintiff to allege a conversion, which he did not do. On the record in this case, the district court should have ordered defendant to surrender the stock to plaintiff. In failing to do so, the court erred. Off v. Hakes, 7 Cir., 142 F. 364; American Exchange Bank of Milwaukee, Wisconsin v. Goetz, 7 Cir., 282 F. 900; Larkin v. Welch, 7 Cir., 86 F.2d 442.
 
 
 9
 For these reasons, insofar as the judgment of the district court involved the corn transaction, we affirm, and in other respects that judgment is reversed and this cause is remanded to that court for the purpose of entering an order for the delivery of the stock to plaintiff and for such further proceedings, not inconsistent with the views herein expressed, as may be necessary.
 
 
 10
 Affirmed in part and reversed in part and remanded with directions.
 
 
 
 Notes:
 
 
 [1]
 11 U.S.C.A. § 96, sub. b