**In re GANDER MOUNTAIN, INC., Debtor.**

**GANDER MOUNTAIN, INC. as Debtor in Possession, and the Creditors' Committee of Gander Mountain, Inc., Plaintiffs,**

v.

**BEATRICE FOODS CO. A Delaware Corporation, Defendant.**

**Bankruptcy No. 80–03050.
Adv. No. 81–1222.**

United States Bankruptcy Court, E.D. Wisconsin.

April 7, 1983.

David A. Erne, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C., Milwaukee, Wis., for plaintiff.

Richard H. Casper, Foley & Lardner, Milwaukee, Wis., for debtor/plaintiff.

Floyd A. Harris, Polacheck & Harris, Milwaukee, Wis., for defendant.

## MEMORANDUM DECISION

C.N. CLEVERT, Bankruptcy Judge.

In the above-captioned proceeding, Gander Mountain, Inc., the Chapter 11 debtor, and its unsecured creditors' committee, have sought recovery of a preference payment in the amount of $16,465.71 from the defendant Beatrice Foods Co., pursuant to 11 U.S.C. § 547. In accordance with the stipulation of the parties, this matter was to be decided in a bifurcated manner, first upon testimony submitted in open court and then upon briefs.

Thus, on October 28, 1982, the court received evidence on the issue of whether or not the defendants had been preferred within the meaning of 11 U.S.C. § 547. Afterward, the court found that Beatrice had received a preference in the amount of $16,465.71. The only issue which remained for the court's consideration was whether or not Beatrice was entitled to retain its preference until all dividends payable under the joint debtor-creditors' committee reorganization plan had been determined.

The facts relating to that issue were not in dispute. Upon the filing of the Chapter 11 petition, no money was owed to the defendant by the debtor (Final Pretrial Report, October 27, 1982, p. 2). Therefore, Beatrice's claim against the debtor would arise from repayment of the preference, establishing Beatrice as a class C creditor under the confirmed plan of reorganization.[1] The plan provided that distribution to class C creditors would be made in installments over a span of up to eight years from preferences recovered, future profits, and the disposition of stock or assets. Since confirmation, two distributions have been made under the plan. Approximately 8.1% of the allowed claims were paid in November of 1981 and approximately 15.4% of the allowed claims were paid in November of 1982. Because Beatrice expected dividends

to be paid over the life of the reorganization plan, it maintained that it should not be required to return any part of its preference until its final dividend had been determined. At that time, it could deduct its dividend and return the balance to the debtor and creditors' committee.

Beatrice's argument was based on a line of cases, beginning with the Supreme Court's decision in *Page v. Rogers.*[2] This court rejected a similar argument in the companion case of *Gander Mountain, Inc., et al. v. Impact Industries,* 29 B.R. 260 (Bkrtcy.E.D.Wis.1983). For the reasons set forth in that case, Beatrice's argument was rejected here. Accordingly, judgment will be entered for the plaintiffs and Beatrice will be allowed to deduct its share of the dividends previously declared in this Chapter 11 case from the preference which must be repaid.

---

1. Article II, p. 2, Plan of Reorganization of June 8, 1981, confirmed on August 18, 1981.

2. 211 U.S. 575, 581, 29 S.Ct. 159, 161, 53 L.Ed. 332 (1909). *See e.g., Wilcox v. Goess,* 92 F.2d 8 (2nd Cir.1937), *cert. den.* 303 U.S. 647, 58 S.Ct. 646, 82 L.Ed. 1108 (1937); *See also, Larkin v. Welch,* 86 F.2d 442 (7th Cir.1936); *In re Wright-Dana Hardware Co.,* 212 F. 397 (2nd Cir.1914); *In re Ira Haupt & Co.,* 252 F.Supp. 339 (S.D.N.Y.1966) (citing *Rogers* ).